## COLWELL v. STONEBRAKER.

### No. 48.

Municipal Court of Appeals for the District of Columbia.

March 2, 1943.

H. P. Long, of Washington, D. C. (D. L. Grantham, of Washington, D. C., on the brief), for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

This action for possession of an apartment was instituted by appellee as plaintiff in the Landlord and Tenant Branch of the Municipal Court. The complaint alleged that defendant was occupying apartment No. 407 in the Harwill Apartments, 1835 K Street, N. W., holding over under a lease which had expired, and that the plaintiff, owner of the building, sought in good faith to recover possession for her immediate and personal use and occupancy as a dwelling. Defendant's plea denied the allegation of good faith.

Trial was by the court; a finding for plaintiff and judgment for possession resulted.

Plaintiff's evidence disclosed that for several years she had owned the Harwill Apartments, a building containing 63 housing units. She had lived, and continues

to live, at Edgewater, Maryland, 35 miles from Washington. Her husband managed the apartment building and conducted a real estate and insurance business in a room on the first floor.

The Federal rationing of gasoline now makes it impossible for him to continue commuting from their home to his office, and for this reason they desire to occupy an apartment in this building.

She chose this particular apartment because of its location and exposure, and because she felt the occupant was the least desirable tenant in that tier.

Notice to defendant to surrender possession, reciting plaintiff's desire to occupy the premises, was served September 1, 1942. There were then no vacant apartments in the building. After September 1st another apartment was vacated but it was not of the type desired by plaintiff.

Plaintiff's husband corroborated her testimony.

Defendant testified that in August plaintiff's husband told him that plaintiff wanted the apartment vacated; that the apartment was occupied by defendant's estranged wife and the reason given for the request to vacate was that her conduct as occupant was objectionable. Nothing then was said about plaintiff wanting the premises for her own occupancy. When the notice was served on September 1, giving a different reason for desiring possession, plaintiff's husband said that the owner had to give the ground stated in the notice to get the occupant out of possession.

The District of Columbia Emergency Rent Control Act,[1] excepts from its interdiction of possessory actions by a landlord the case of an owner who in good faith seeks recovery of his own property for immediate and personal use and occupancy as a dwelling. This provision was considered under comparable circumstances in our opinion in the case of Shaffer v. Bowes, D.C.Mun.App., 31 A.2d 690. We held that the Act "did not intend to prevent an owner from occupying his own premises, provided such occupancy is sought in good faith and not for the purpose of evading or defeating the purposes of the Act. In such circumstances, where an owner has several properties available,

the choice of which one he shall occupy is for him."

That the rent of the selected premises is low when contrasted with that of similar housing units, the availability of other quarters, an objection to or even ill-will toward a particular tenant, are matters properly admitted in evidence as bearing upon the good faith of one seeking possession under Section 5 of the Rent Control Act. But no one, or all in combination, necessarily constitute bad faith. They are items of evidence, to be considered by the court with the other evidence in the case.

Here, giving due weight to the testimony of the defendant, the evidence as a whole gave ample support to the trial court's finding of good faith on the part of the plaintiff, and the judgment must be affirmed.

Affirmed.

CAYTON, Associate Judge (concurring in result).

I concur in the result, and refer to my separate opinion in Shaffer v. Bowes, cited above, as expressing my view of the applicable law.

---

[1] Public Law 327—77th Congress, approved December 2, 1941, amended September 26, 1942, Public Law 715—77th Congress, now Title 45, Sec. 1601 et seq., D.C.Code (1940 Edition).