**BROWN, Administrator, Office of Price Administration, v. WOOD et al.**

No. 22480.

District Court, N. D. California, S. D.

March 18, 1943.

Ben C. Duniway, of San Francisco, John T. McTernan, of Los Angeles, and Barbara N. Armstrong, David C. Dunlap, and Richard Seely, all of San Francisco, Cal., for plaintiff.

Milton E. D'Askquith, of Oakland, Cal., for defendants.

GOODMAN, District Judge.

Plaintiff, as Administrator appointed under the Emergency Price Control Act of 1942, Jan. 30, 1942, c. 26, Title II § 201, 56 Stat. 29, 50 U.S.C.A. Appendix, § 921, filed this action to permanently restrain defendants from violating the provisions of the act and in particular Section 1338.-1806, maximum rent regulation No. 28, issued by the Administrator pursuant to the provisions of Section 2(b) of the Act, 50 U.S.C.A.Appendix, § 902(b). (Federal Register, Title 32, Chap. XI, Part 1388).

The complaint (count 1) charges the defendants with attempting to exclude and evict by legal proceedings their tenants, Richard and Inez Radonich, from certain housing accommodations because of the tenants' refusal to pay a rent higher than the rental permitted by maximum rent regulation No. 28.

In count 4 of the complaint, defendants are charged with renting the housing accommodations referred to without having filed a correct registration statement as required by regulation No. 28.

By their answer, defendants deny the filing of an incorrect registration statement, admit the attempts to evict their tenants; but assert they were justified in so doing because they have sought, and still seek in good faith, to recover possession of the housing accommodations for the immediate use and occupancy of themselves, their families and their dependents. If true, such defense would be valid under Section 6a–6 of maximum rent regulation No. 28.

At the trial, it developed that the Radonichs had occupied defendants' dwelling house in Piedmont, Alameda County, California, as tenants, continuously from December 1, 1940, paying therefore a rental of $45 per month, part of the time pursuant to a written lease and subsequently on a month to month basis. On March 1, 1942, the monthly rental of the premises was $45; this amount, under maximum rent regulation No. 28, became the maximum rent.

In May 1942, defendants demanded that the tenants pay $55 per month rental. The tenants, for the months of June and July, complied, but thereafter refused to pay any amount in excess of $45 per month, on the ground that such payment would be in violation of the maximum rental restriction. Under such circumstances, eviction or attempted eviction is unlawful. Emergency Price Control Act of 1942, Section 4(b), 50 U.S.C.A.Appendix, § 904(b).

During the period from May 1942 to January 1943, defendants attempted, on numerous occasions, to force the tenants to quit the premises.

They served a number of notices terminating tenancy and demanding removal of the tenants. By telephone, they repeatedly importuned the Radonichs to vacate. They filed a complaint for damages in the Justices Court of Oakland Township, Alameda County, alleging that the tenants had wilfully injured and damaged the demised premises. They filed an unlawful detainer suit in the same court. They cited the tenants before the District Attorney of Alameda County to show cause why a warrant for their arrest on a charge of malicious mischief should not issue. They prosecuted the unlawful detainer suit to judgment.

In the meantime, and on August 14, 1942, defendants filed in the office of the Price Administrator form DD–2D in which they untruthfully stated that the maximum legal rent for the premises was $55 per month instead of $45 per month.

In some of the notices defendants stated it to be their desire to occupy the demised premises for their own use. Clearly, however, their statement of intent was not in good faith. At all times defendants owned and resided in another dwelling house in Piedmont. The eviction of the tenants because of their refusal to pay the higher rental was the real objective. Defendant Melvin Wood, in effect, so admitted when he testified: "rather than have any question about the rent, I preferred to move in there myself."

Under the regulations, promulgated pursuant to the Act, eviction can only be had if a tenant fails to pay lawful rent or otherwise breaches his obligations as tenant (Section 6 regulation No. 28); or if the landlord in good faith, upon a proper showing made to the Administrator, seeks occupancy for himself or his family (Section 6a–6, Regulation No. 28.)

Defendants' tenants were not in default in the payment of the maximum legal rental or in the performance of any other obligation of tenancy. It follows that defendants' attempts at removal or eviction were unlawful. The defense that the recovery of possession of the premises was for the immediate use and occupany of defendants has not been sustained and good faith has not been shown.

Plaintiff is entitled to a permanent injunction restraining defendants from:

(a) Taking any action for the eviction of their tenants by legal proceedings or otherwise;

(b) Demanding or receiving rental in excess of that established by maximum rent regulation No. 28;

(c) Violating any other regulation adopted pursuant to Section 2(b) of the Act.

Defendants shall further be required to file with the Administrator a registration statement in the form prescribed by the Administrator and in accordance with the provisions of maximum rent regulation No. 28.

Findings and judgment accordingly.