## DOWNS v. KARSH et al.

### No. 92.

Municipal Court of Appeals for the
District of Columbia.

Aug. 3, 1943.

Emmett Leo Sheehan, of Washington,
D. C., for appellant.

Saul G. Lichtenberg, of Washington, D.
C., for appellees.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

Appellant is the owner of premises 106
C Street, Southeast, in which she former-
ly conducted a rooming house. There are
about fifteen rooms in the house. In 1938,
she leased it to Mr. and Mrs. Karsh. Their
lease expired in 1941 and they have con-
tinued in possession as tenants by suffer-
ance.

Appellant now lives with her daughter
and son-in-law but he expects to be trans-
ferred from Washington and has offered
his home for sale. Until recently appel-
lant's son has helped support her but be-
cause he is now in the army is unable to
continue such support. Appellant brought
an action for possession of the C Street
house, alleging she desired this property
for her personal use and occupancy. She
alleged that she wished to use the three
rooms in the basement for her personal
living quarters and make available the
rest of the premises to persons desiring to
rent the same. She testified she desired
possession of the house in order to have
a place to live and the means of making
a living. She has been receiving the rent
from the house and making payments on
account of the purchase price. She owns
another house nearby but it is so heavily
mortgaged that she receives no income
from it.

Testimony on behalf of the appellees was
that they rented the house from appellant
for the purpose of conducting a rooming
house and bought the rooming house busi-
ness formerly conducted there by a pre-
vious tenant, that they occupy the three
rooms in the basement and rent the re-
maining rooms, and they have no income
other than that derived from operation
of the rooming house.

The trial court denied appellant recov-
ery of possession, holding she had not
proved a case within the District of Col-
umbia Emergency Rent Act.[1]

In Shaffer v. Bowes, D.C.Mun.
App., 31 A.2d 690, we held the Act does
not deprive an owner of the right to oc-
cupy his own property, if occupancy is
sought in good faith and not for the pur-

---

[1] Code 1940, §§ 45—1601 to 45—1611.

pose of evading or defeating the purposes of the Act. There is no evidence in the record of bad faith on the part of appellant. There are some indefinite references to a petition filed by her with the Rent Administrator for an increase of rent, but since the office of the Administrator is open to both landlord and tenant we think neither should be penalized for exercising a right given by the Act.

When appellant was faced with the possibility of having to leave her son-in-law's home, it was natural and reasonable that she turn to her own property; and it was not necessary that she wait until actually forced to leave her present quarters. Gould v. Butler, D.C.Mun.App., 31 A.2d 867. It is true appellant owns another property; but where an owner has several properties available, the choice of which one he shall occupy is for him. Shaffer v. Bowes, supra.

We think the trial court was in error in denying appellant possession of her property.

Reversed.

CAYTON, Associate Judge, concurs in the result.

