[No. 29410. Department Two. November 30, 1944.]

ANTON MONTES *et al., Respondents,* v. WALTER BARANOUSKI, *Appellant.*[1]

*Tworoger, Horr & Franco,* for appellant.

*Mifflin & Mifflin,* for respondents.

BLAKE, J.—This is an action for unlawful detainer. The defendant appeals from a judgment for restitution and damages, assessed in accordance with the provisions of Rem. Rev. Stat., § 827 [P. C. § 7985].

Appellant poses the question for determination as follows:

"Do the regulations of the Office of Price Administration modify and become the state law as to eviction of tenants, and make these regulations a part of the state law?"

We do not think that question is in issue, for the action was brought, tried, and decided on the assumption that respondents' rights under the unlawful detainer statutes (Rem. Rev. Stat., § 812 [P. C. § 7970] *et seq.*) were subject to regulations promulgated by the office of price administration pursuant to the provisions of the price control act of 1942 (chap. 26, 56 Stat. 23, 50 U. S. C. A. (Sup.), § 901 *et seq.*). The pertinent regulation relates to hotels and rooming houses, and provides:

"(a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant of a room within a hotel or rooming house shall be removed from such room, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated unless: . . .

"(5) The landlord seeks in good faith not to offer the room for rent. . . ."

The respondents, as lessees, operate a rooming house in Seattle known as the Roland Apartment Hotel. The appellant occupied room numbered 1 under a month to month tenancy. Pursuant to Rem. Rev. Stat., § 812, and the regulations of the office of price administration, the respondents served due notice of termination of the tenancy, declaring:

"1. That the landlords in good faith do not intend to lease or offer said room for rent;

"2. The landlords owned the said housing accommoda-

tions prior to October 20, 1942, and seek in good faith to recover possession of such accommodations for immediate use and occupancy for dwelling purposes for themselves; . . ."

During the progress of the trial, counsel for appellant stated: "The whole question in this case is a question of good faith." And that, under the issues made by the pleadings and the evidence presented at the trial, is the sole question for determination here. Among others, the trial court made the following findings:

"That the plaintiffs desire room 1 .. . . occupied by the defendant, as a bed room for their daughter. . . . That no other room than defendant's room number one is available to plaintiffs for the purpose. That the plaintiffs need this additional space for privacy both for themselves and for said daughter. . . .

"The court further finds that the landlord plaintiffs in good faith do not intend to lease or offer said room for rent."

The evidence so overwhelmingly supports these findings that no useful purpose could be subserved by reviewing it here. Suffice to say: It is clear that respondents are entitled to possession of the premises in controversy both under Rem. Rev. Stat., § 812 *et seq.,* and the regulations of the office of price administration promulgated pursuant to the emergency price control act of 1942.

Judgment affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and MALLERY, JJ., concur.