## STAVES v. JOHNSON.
### No. 331.

Municipal Court of Appeals for the
District of Columbia.

Dec. 18, 1945.

Herman Miller, of Washington, D. C., for appellant.

S. Albert Mickler, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant, hereinafter called the landlord, is the owner of an eight-unit apartment building, and sued for possession of one of those units, alleging that he sought it in good faith for his immediate and personal use and occupancy as a dwelling. He testified that he lived in a house formerly owned by his mother; that his mother had sold the house; that he was compelled to acquire other living quarters; that when he obtained possession of the apartment, his sister and her child, and possibly his mother or another sister, would live with him; that he had no particular reason for selecting the apartment in question, that the selection was made by his agent, who managed the property, and he had approved the selection.

The appellee-tenant is in the armed services. His wife, who is unemployed, occupies the apartment in question with her two small children. She challenged the landlord's good faith in seeking possession. She offered evidence that she was the only tenant in the building with small children; that the landlord or his agent had made numerous complaints about the children; that the agent had taken down a clothesline she had in the rear of the building for drying the children's clothes, and had refused to permit her to erect a new line; that the agent had forbidden her to put any of the children's playthings in the back yard of

the building; and that the agent told her the building was for people who worked during the day and was not for people with children.

The trial court found a lack of good faith on the part of the landlord and entered judgment for the tenant. The landlord appealed.

█ The District of Columbia Emergency Rent Act permits a landlord to maintain an action for possession when he "seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling." Code 1940, 45—1605 (b) (2). Construing the Act, we have held that it was not intended to prevent an owner from occupying his own premises, provided such occupancy is sought in good faith and not for the purpose of evading or defeating the purposes of the Act; that if the owner has several properties available the choice of which he shall occupy is for him; that the fact that other members of his family will occupy the premises with the landlord does not impugn his good faith; and that the word "immediate" as used in the statute does not necessarily mean "desperate." Shaffer v. Bowes, D.C.Mun.App., 31 A.2d 690; Colwell v. Stonebraker, D.C.Mun.App., 31 A.2d 866; Klein v. Fields, D.C.Mun.App., 32 A.2d 398; Gould v. Butler, D.C.Mun. App., 31 A.2d 867; Downs v. Karsh, D.C. Mun.App., 33 A.2d 620.

█ However, we have never attempted to define "good faith." The term is not susceptible of exact definition. It has been defined, broadly, to mean "honestly, without fraud, collusion, or deceit." Bumgarner v. Orton, 63 Cal.App.Supp.2d 841, 844, 146 P.2d 67, 69. Applied to a situation like the one at hand, it means generally that the landlord honestly intends to actually occupy the premises, that occupancy for his own use is his primary motive, and that he is not guided by an ulterior motive, the object of which is to evade or defeat the purposes of the statute. Even though the landlord intends to actually occupy the premises it cannot be said that he acts in good faith if his dominant purpose is to evict the tenant. In other words, the actuating motive of the landlord must be the desire to possess the premises, not to dispossess the tenant. For decisions on this question under a similar provision of the federal Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., see Brown v. Wood, D.C.N.D.Cal., 59 F.Supp. 872; Snyder v. Reshenk, 131 Conn. 252, 38 A.2d 803; Sviggum v. Phillips, 217 Minn. 586, 15 N.W.2d 109; Zajac v. McNulty, Co.Ct., 51 N.Y.S.2d 484; Beaufort v. Ruben, 206 S.C. 293, 33 S.E.2d 891; Montes v. Baranouski, 21 Wash.2d 910, 153 P.2d 886.

█ We have held that an objection to or even ill will toward the tenant does not necessarily constitute bad faith (Colwell v. Stonebraker, supra); for it is natural and reasonable that where, as in the present case, the landlord has numerous quarters from which to make his selection, he will evict that tenant who, in his estimation, is the least desirable. But evidence of ill will toward a tenant is properly received in evidence in determining whether the landlord seeks possession in good faith or whether his dominant purpose is to rid himself of a tenant he considers undesirable. In examining the question of the landlord's good faith, it is proper to consider all circumstances which shed light on the question. Gould v. Butler, supra.

█ In the present case there was evidence tending to show an animosity toward the tenant and her children and a desire that they leave the property. From the record this evidence does not appear overly strong, but it is not within our province to weigh the evidence. That is a matter for the trial court. When there is substantial evidence challenging the good faith of the landlord, a question of fact is raised for determination by the jury or trial court. De Bobula v. Coppedge, D.C. Mun.App., 40 A.2d 255; Heindrich v. De Dimas-Aruti, D.C.Mun.App., 42 A.2d 138. The record discloses sufficient evidence to sustain the trial court's finding of lack of good faith on the part of the landlord, and we cannot disturb that finding.

Affirmed.