## OLESSOFF v. OSBOURN.

### No. 379.

Municipal Court of Appeals for the District of Columbia.

May 28, 1946.

Burton A. McGann, of Washington, D. C., for appellant.

Joseph Lapiana, Jr., of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff appeals from an adverse judgment rendered in her suit for possession of dwelling property.

Plaintiff testified that in August 1945 she and her husband purchased premises 1713 Lamont Street, Northwest; that her husband died a month later; that she intended to occupy the premises as a home for her personal use; that she now lives in a single room; that her sister and her sister's husband would live with her there; that her sister and husband had lived at their present address for twenty years. On cross-examination plaintiff testified that a friend of hers had previously tried to buy the furniture and rooming house business on the premises, but that the price was too high. She also testified that she and her husband had tried to buy the furniture and rooming house business but also felt the price was too high. The title company's settlement sheet showed that the selling price of the property was $15,000, of which the plaintiff paid $5,500 in cash.

Defendant testified that she does not live at the premises in suit but operates a rooming house business there, through a resident manager. She testified that the premises contained fifteen rooms and four baths and that there were twenty roomers living there. She also testified that she had paid $4,000 for the furniture and rooming house business and still owed $1,500 on account of that obligation. Her lease was for one year and expired on January 15, 1946. The trial judge made a general finding, assigning no reasons for his decision.

We must hold the decision erroneous because the evidence clearly showed plaintiff to be entitled to possession under the Emergency Rent Act, as a landlord who seeks in good faith to recover possession of property for her immediate and personal use and occupancy as a dwelling. Code 1940, § 45—1605.

■ If the trial judge predicated his decision upon the failure of plaintiff to bring herself within the above named section he was in error. There was no evidence to contradict her good faith or her need of the property for her personal use and occupancy as a dwelling.

■ If the judge based his decision on the fact that only three people intended to occupy a fifteen-room house, his conclusion of law was incorrect. That circumstance, standing alone, did not justify a finding for defendant. Even if the judge felt that plaintiff would not occupy the premises exclusively for dwelling purposes but would rent out some of the rooms, that would not disentitle her to possession. "An intent * * *, to rent portions of the property to roomers, does not negative an honest purpose to use and occupy premises as the owner's dwelling. This may be so where considerable portions of the house are rented and will continue to be rented to roomers." Heindrich v. Dimas-Aruti, D.C.Mun.App., 42 A.2d 138, 139. See also Gould v. Butler, D.C.Mun.App., 31 A.2d 867; Downs v. Karsh, D.C.Mun. App., 33 A.2d 620.

■ Nor can plaintiff's right to possession be defeated by reason of defendant's investment in the rooming house venture or by the fact that she had not yet paid off the purchase price. She entered into her lease with full knowledge that it would expire in one year. In a similar situation we said: "Whether defendant had recovered some or all—or none—of her original investment, whether the venture was a success or a failure, were not material to the questions to be decided." Arsenault v. Angle, D.C.Mun.App., 43 A.2d 709, 711.

■ Finally, we think we should say that plaintiff's claim of good faith is not negatived by the fact that her sister and brother-in-law who propose to move in with her had lived in their present quarters for twenty years. There was no testimony as to the type of residence they had occupied, what the rental was, or of any other circumstance which would discredit plaintiff's claim of good faith.

■ When there is substantial evidence challenging the good faith of the landlord, a question of fact is raised for determination by the jury or trial court. Staves v. Johnson, D.C.Mun.App., 44 A.2d 870. But there was no such challenging evidence in this case. From what we have said it seems clear that no question of mere weight of evidence was here involved;

that there was nothing inherently incredible in plaintiff's showing; that the, uncontradicted facts brought her under the protection of the Rent Law and that she was entitled to judgment.

Reversed.