## RESNICK v. HAMMOND.
### No. 601.

Municipal Court of Appeals for the
District of Columbia.

May 5, 1948.

Dan Piver, of Washington, D. C., for appellant.

L. Agnew Myers, Jr., of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff, as landlord, sued defendant, as tenant, for possession of a six-room house on the ground that he owned the house and sought possession in good faith for his immediate and personal use and occupancy as a dwelling.[1] After the trial court had overruled a motion for a directed verdict at the conclusion of all of the evidence, the jury returned a verdict for the tenant, and thereafter the trial court overruled a motion for judgment notwithstanding the verdict. The landlord appeals.

We have concluded that there was insufficient evidence to take the case to the jury, and hence that the motion for directed verdict or for judgment notwithstanding the verdict should have been granted by the trial court.

The complaint was filed December 29, 1947. Plaintiff acquired the premises from his parents by deed dated November 21, 1947, and recorded December 22. The house was previously owned by the parents, who owned several other houses in the vicinity. According to the son they sold this particular property to him because only a few weeks previously he had become engaged to be married, and he and his bride-to-be had tried to find another house but had been unable to do so. He testified in detail regarding various other houses he had inspected. The parents wanted to give him the house but he insisted on paying $1,000 for it, and they deeded it to him for this consideration.

Defendant relied upon the fact that prior to the sale of the property to the son the tenant had made several complaints to the parents regarding lack of repairs and had reported such lack of repairs to two different branches of the District government. The tenant also urged that during November 1947, when the property was still owned by the parents of plaintiff, they had sought a rental increase of $5 a month from the District of Columbia Rent Administrator. This increase was granted on November 5, 1947.

Because of illness the tenant himself did not appear at the trial. His wife, who lives in the house with her husband and three roomers, testified that the relations of herself and her husband with plaintiff's parents had always been friendly and that all her complaints regarding the lack of repairs to

---

[1] District of Columbia Emergency Rent Act, Code 1940 (Supp. V), § 45—1605 (b) (2).

the house except one had been met, but that her husband had had to have a stove repaired. Asked whether she had any reason to doubt that plaintiff was engaged to be married and wanted the house for his own use, she replied that she did not believe he wanted it for that purpose. Asked whether she had any reasons for such belief she replied, "Well, I couldn't express it. I wouldn't know how to express it, but I just don't feel that he would."

■■ The statute is clear that if a landlord desires in good faith to occupy his property as a residence he is entitled to do so. We have said, however, that even though the landlord intends to actually occupy the premises it cannot be said that he acts in good faith if his dominant purpose is to evict the tenant.[2] Here the tenant tried the case on the theory that there was a conspiracy between the former owners and their son, the present landlord. No evidence of such a conspiracy, however, was offered.

■ The motive of the landlord, not the motive of his predecessors in title, is at issue unless there is convincing evidence of collusion or subterfuge. Fraud, as has been said on many occasions, is never presumed, and more than mere suspicion is required to rebut affirmative evidence of good faith.

Reversed.

[2] McSweency v. Wilson, D.C.Mun.App., 48 A.2d 469; Staves v. Johnson, D.C.Mun.App., 44 A.2d 870.