**DANT et ux. v. FORSYTHE.**

**No. 1046.**

Municipal Court of Appeals for the District of Columbia.

Argued April 16, 1951.

Decided May 15, 1951.

Herman Miller, Washington, D. C., for appellants.

John F. Forsythe, Jr., pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs, husband and wife, are owners of a building which contains four apartments, two on each floor. They brought separate actions for possession against the tenants of the two upstairs apartments on the ground that they desired possession in good faith for their own personal occupancy.[1] The present case involves possession of one of the apartments only. The trial court made a finding and entered judgment for the tenant.

There was little dispute in the testimony. At the time the suits were instituted, plaintiffs and their adult son were living in a

---

1. The local Rent Act provides that a landlord may recover possession of his property if he seeks it in good faith for his immediate personal use and occupancy as a dwelling. Code 1940, Supp. VII, § 45-1605(b) (2).

house which the husband owned in another section of the city. The husband contracted to sell this house because of a change in the neighborhood. Plaintiffs testified that they decided to move into the apartment building and occupy the two adjacent upstairs apartments. Each apartment consists of a living room, bedroom, dining room, kitchen and bath. Plaintiffs stated that they intended to furnish and use both apartments, the son to occupy one of the bedrooms, but that, temporarily, they would move into the first apartment vacated.

Plaintiffs and defendant agreed in their testimony that there had never been any arguments between them during the period the plaintiffs owned the building. When plaintiffs bought the building two years previously, they had asked the tenants of the two upstairs apartments to remove their belongings from the basement. Defendant complied by removing certain childrens' toys and glass jars. There was a hearing before the Rent Administrator a year ago in which defendant opposed a rent increase and told the Administrator that he had been deprived of storage space. This was taken into consideration in setting a new ceiling. Defendant further testified that the plaintiffs had put locks on certain doors in the basement preventing him from reading his gas and electric meters. Nowhere in the record, however, is there any claim by the defendant that he had any rights to this basement or that the acts of the plaintiffs with reference thereto were not reasonable or without justification.

It was on this evidence that the trial judge made a finding for the defendant. It was a general finding and no reasons were assigned for the ruling. However, it is apparent from the record that the sole issue at the trial was the good faith of the plaintiffs. The evidence suggests that defendant attempted to show ill will towards him by testifying as to a prior rent hearing and as to certain acts and requests of the plaintiffs with regard to conditions in the building. But there is nothing more than that in the record.

Good faith, as applied here, means that the landlord honestly intends to actually occupy the premises and that occupancy for his own use is his primary motive.[2] While evidence of ill will toward a tenant is properly received in evidence in determining whether the landlord seeks possession in good faith or whether his dominant motive is to rid himself of a tenant,[3] such evidence must be based upon more than mere speculation.

Here the record fails to show any substantial evidence challenging plaintiffs' good faith in seeking possession. It has been held that a landlord should not be prejudiced in desiring occupancy of particular living quarters where he has the choice of several properties.[4] Nor is ill will automatically established from evidence that there has been a prior Rent Control proceeding between the parties[5] or from reasonable regulation of the tenant's use of the leased premises. As was said by this court in a previous case, there was no evidence that the landlord "was actuated by caprice or malice".[6] In the absence of challenging evidence sufficient to justify a finding of lack of good faith, the court should have found for the plaintiffs and entered judgment accordingly.[7]

Reversed, with instructions to enter judgment for plaintiffs.

2. Staves v. Johnson, D.C.Mun.App., 44 A. 2d 870.

3. McSweeney v. Wilson, D.C.Mun.App., 48 A.2d 469.

4. Staves v. Johnson, supra; Downs v. Karsh, D.C.Mun.App., 33 A.2d 620.

5. Downs v. Karsh, supra.

6. Shaffer v. Bowes, D.C.Mun.App., 31 A. 2d 690, 691.

7. Olessoff v. Osbourn, D.C.Mun.App., 47 A.2d 514; Downs v. Karsh, supra; see Resnick v. Hammond, D.C.Mun.App., 61 A.2d 495; McSweeney v. Wilson, supra.