### WINE v. HODGSON.

No. 1053.

Municipal Court of Appeals for the District of Columbia.

Argued April 30, 1951.

Decided May 17, 1951.

The landlord claimed she bought the house because she wanted to live in it with her 15-year old daughter. The tenant, on the other hand, was permitted to introduce evidence showing that the landlord had just purchased the house from her sister, that the sale and eviction proceedings had followed immediately after the tenant had discovered the legal rent ceiling was being exceeded and had demanded a reduction in rent, and after the sister formerly owning the property had said she would sell the house or give it away in order to get rid of the tenant. These threats, which were not denied, were allegedly made in the presence of the sister who now owns the property, who also accompanied the other sister to the Rent Control office and confirmed that an overcharge was being made.

We believe the trial court properly left the issue of good faith to the jury and also properly overruled a motion for judgment notwithstanding the verdict. We have previously held that in examining the question of good faith "all circumstances should be considered which will shed light upon whether a proper case for possession has been established", and that "Among these circumstances, is, we think, the state of mind, intent and purpose of the suing landlord as reflected in the evidence."[2]

In a somewhat similar case we held the trial court should have directed a verdict for the landlord, a young man who had recently become engaged to be married, although his parents, the former owners, had had a dispute with the tenant.[3] In that case we said that "The motive of the landlord, not the motive of his predecessors in title, is at issue *unless there is convincing evidence of collusion or subterfuge.*"

Here, while the evidence did not compel a conclusion of collusion between the two sisters and while perhaps the word collusion is too strong, we believe the jury could have properly concluded, as it evidently did, that the dominant motive of

---

Edward E. O'Neill, Washington, D. C., with whom Kermit L. Sharff, Washington, D. C., on the brief, for appellant.

Leon L. Sclawy, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

A tenant challenged the good faith of a landlord in seeking possession of a house just purchased by the latter allegedly for her own use as a dwelling.[1] A jury decided in favor of the tenant and the landlord appeals.

1. Code 1940, Supp. VII, § 45–1605.

2. Gould v. Butler, D.C.Mun.App., 31 A. 2d 867, 869.

3. Resnick v. Hammond, D.C.Mun.App., 61 A.2d 495, 496.

the landlord was to evict the tenant. What distinguished this case from Resnick v. Hammond, D.C.Mun.App., 61 A.2d 495, is the fact that here there was evidence of the participation of the landlord in the acts of her sister.

We understand there is no objection raised to a judgment for the landlord for two months rent at $37.50 a month.

Affirmed.