SUCESIÓN DE SALVADOR PÉREZ Y PÉREZ, compuesta de su viuda ROSA PÉREZ ROMANO y de sus hijos SALVADOR J., LUIS SINESIO, ROSA DOLORES y RAMONA ELISA PÉREZ, demandantes y apelantes, *v.* TOMÁS E. GUAL, demandado y apelado.

Número 10981.

*Sometido:* 20 de julio de 1953. *Resuelto:* 17 de septiembre de 1953.

---

*Daniel Pellón Lafuente,* abogado de los apelantes; *Jorge M. Morales* y *Ramón L. Nevares,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Se trata de una apelación interpuesta contra una sentencia dictada por el Tribunal Superior, Sala de San Juan, declarando sin lugar una demanda de desahucio. Los demandantes-apelantes componen la Sucesión de Salvador Pérez. Éste era dueño de un local situado en la Parada 22 de Santurce y lo había cedido en arrendamiento sin término fijo a Felipe López. Al fallecer Salvador Pérez el referido local pasó a ser propiedad de su Sucesión. En 10 de marzo de 1947 el arrendatario López vendió al demandado-apelado Tomás E. Gual el negocio de mueblería que aquél tenía establecido en el local arrendado. Días después, o sea, el 21 de marzo de 1947, la Sucesión de Pérez instó ante el extinto Tribunal de Distrito de San Juan una acción de desahucio contra López por la causal de que éste había subarrendado el local a Gual sin consentimiento de sus dueños. Contestó el demandado y después de un juicio en los méritos dicho tribunal declaró sin lugar la demanda. Posteriormente, el día 3 de septiembre de 1947, la sucesión inició ante el mismo tribunal otra acción de desahucio contra López, alegando como causales, la falta de pago de los cánones de arrendamiento y subarriendo de López a Gual. Contestó el demandado, fué el caso a juicio y esta vez dicho tribunal declaró con lugar la demanda decretando el desahucio de López, "sus agentes, familiares o cualquier persona que ocupe la propiedad a su nombre . . . . ." En vista de esta senten-

cia acudió Gual ante aquel tribunal con una demanda sobre sentencia declaratoria, solicitando en la misma que se determinara si los Pérez allí demandados habían celebrado o no un contrato verbal de arrendamiento con Gual. Dicha corte declaró probada la existencia de tal contrato por un término de cinco años y resolvió hacer permanente el *injunction* preliminar que había expedido prohibiendo a Salvador Pérez, hijo y a su madre Rosa Pérez, ejecutar contra Gual la sentencia dictada en el pleito de desahucio antes mencionado. La sentencia ordenaba además que los Pérez, allí demandados, otorgaran escritura pública de arrendamiento a favor de Gual, así como su inscripción en el Registro de la Propiedad. En apelación modificamos esa sentencia en el sentido de eliminar de la misma la orden sobre inscripción del contrato en el Registro de la Propiedad y así modificada, la confirmamos. *Gual* v. *Pérez*, 72 D.P.R. 609. A tenor con esta sentencia Gual continuó disfrutando como arrendatario el local en litigio por un término de cinco años que comenzó a correr el día 6 de marzo de 1947, fecha ésta en que se estimó probada la formalización verbal del contrato.

En 12 de diciembre de 1951 recurrió nuevamente la Sucesión Pérez ante el extinto Tribunal de Distrito de Puerto Rico, Sección de San Juan, con otra demanda de desahucio dirigida esta vez contra Gual y la Borinquen Furniture Co., alegándose como causal el subarriendo del local por Gual a la mencionada corporación sin la autorización escrita de los arrendadores. Esta demanda fué declarada sin lugar bajo la teoría de que el arrendatario lo seguía siendo Gual quien controlaba las ⅔ partes de la corporación y porque los demás miembros de la misma eran familiares de Gual. Así las cosas, en 17 de septiembre de 1951, la Sucesión Pérez requirió de Gual que al vencerse el contrato el día 6 de marzo de 1952 les hiciera entrega de la casa objeto del arrendamiento toda vez que ellos la necesitaban para ocuparla con un negocio propio. Vencido el contrato Gual se negó a desalojar y entonces la Sucesión radicó nueva demanda de desahu-

cio en su contra. En dicha demanda se aducía como causal para el desahucio la de que habiendo vencido el contrato de arrendamiento los demandantes deseaban recuperar de buena fe el local arrendado para utilizarlo en su propio beneficio, en negocio de su exclusiva pertenencia. El demandado Gual contestó alegando como defensa que el contrato de arrendamiento había quedado prorrogado en virtud de las disposiciones del artículo 12 de la Ley de Alquileres Razonables de Puerto Rico y que la acción se interponía de mala fe como represalia contra el demandado Gual. Celebrado el correspondiente juicio en los méritos, la corte a quo dictó sentencia declarando sin lugar la demanda. Contra esa sentencia es que se ha interpuesto el presente recurso de apelación.

Entre las conclusiones de hecho formuladas por el tribunal sentenciador figuran las siguientes:

"El único miembro de la Sucesión demandante que está en Puerto Rico es el co-demandante Salvador José Pérez quien se ha dedicado y se dedica a un negocio de garaje y venta de gasolina en edificio propio, sito en la municipalidad de Río Piedras. No tiene establecido en la localidad de San Juan un negocio de naturaleza igual o similar al negocio de mueblería del demandado. Los demás miembros de la Sucesión demandante están fuera de Puerto Rico y viven de rentas de sus propiedades y otros medios propios. Para la fecha en que se radicó esta acción y aún para la fecha en que se vió el caso, el co-demandante Salvador Pérez no había decidido ciertamente qué negocio iba a establecer en la propiedad arrendada que ocupa el demandado. Sí había estado en conversaciones con la Casa San Miguel en relación con un negocio de subagencia a base de comisiones, negocio éste que requería un espacio grande de exhibición. También el demandante hizo gestiones con un fabricante de muebles del país de Río Piedras para establecer en el local un negocio de mueblería y llegaron a fabricarse algunos muebles, cuyo negocio tampoco se materializó en definitiva en vista de que el demandante aún no disponía de la propiedad y los muebles fabricados fueron dispuestos por el propio fabri-

cante. Había hablado con la firma Miranda para un posible negocio de ropa de hombre. En el contrato de agencia que el demandante hubiera realizado con la firma San Miguel el demandante habría tenido que disponer de un local apropiado y destacado para la exhibición y demostración de los productos, . . . . ."

Y en sus conclusiones de derecho determinó que:

"Si bien la prueba demostró en este caso que el demandante no tenía establecido en la localidad un negocio igual o similar al del demandado, el resto de la prueba, según ha sido creída y apreciada por el tribunal, dejó de demostrar que el demandante necesitara para sí de buena fe el local aquí en litigio. Por el contrario, la prueba convence al tribunal de que no existía un negocio del demandante para lo cual el desahucio se hacía un paso inevitable o imprescindible, sino que el demandante a través de esta causal, pretende obtener la propiedad y la terminación del contrato prorrogado por la propia ley, y luego, establecer en él algún negocio que aún no sabe a ciencia cierta cuál será."

Los demandantes-apelantes imputan al tribunal a quo la comisión de los siguientes tres errores:

"1. El tribunal sentenciador cometió manifiesto error de derecho al dictar sentencia desestimando la demanda por el fundamento 'de que no existía un negocio del demandante para lo cual el desahucio se hacía un paso inevitable.'

"2. La sentencia dictada por el tribunal inferior en la causa arriba titulada es contraria a derecho, priva a la apelante de su propiedad sin debido proceso de ley y sin justa compensación, todo ello en violación a las secciones 7 y 9 de la Constitución del Estado Libre Asociado de Puerto Rico, así como de la enmienda 5ª de la Constitución de los Estados Unidos de Norte América.

"3. La sentencia dictada desestimando la demanda por el fundamento de que el demandante apelante pretende obtener la propiedad para 'establecer en él algún negocio que aún no sabe a ciencia cierta cuál será' es contraria a la ley y priva a la apelante de su propiedad sin debido proceso de ley y sin la

debida compensación, todo ello en violación de los preceptos de la Constitución del Estado Libre Asociado de Puerto Rico, especialmente en su sección 7 y 9 así como viola y es contrario a la enmienda 5ª de la Constitución de los Estados Unidos de Norte América."

Tienen razón los apelantes. Veamos. Si bien el artículo 12 de nuestra Ley de Alquileres Razonables[1] dispone que llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador sin alteración de ninguna de sus cláusulas, en el artículo 12 A de la misma ley se establecen varias excepciones entre ellas la del inciso 7, según el cual el arrendador podrá negar la prórroga y en su consecuencia promover la acción de desahucio "Por necesitar para sí de buena fe, el local de comercio o negocio." En el propio inciso 7 se enumeran varias condiciones necesarias para que prospere esta excepción. Sin embargo, para que proceda el desahucio a base de dicha excepción bastará con que el propietario cumpla con lo siguiente: (1) Que tenga el propósito, de buena fe, de recuperar la propiedad para su propio uso, retirándola del mercado de alquileres, y (2) que haya expirado el término del arrendamiento contractual. Los demás requisitos previos al ejercicio de la acción de desahucio que señala el artículo 12–A–7, entre los cuales figuran el de que el arrendador no tenga establecido en la misma localidad, en edificio propio o ajeno, un negocio de naturaleza igual o parecida al que tenga el inquilino y el de que el arrendador interese el local para ocuparlo personalmente en negocio de su exclusiva pertenencia, son inválidos e inconstitucionales, bastando, bajo la doctrina establecida en *Rivera* v. *R. Cobián Chinea & Co.*, 181 F.2d 974, con que el arrendador interese de buena fe, dedicar la propiedad a su propio uso, independiente de la naturaleza de ese uso. *Roselló Hnos., Inc.* v.

---

[1] Ley núm. 464 de 25 de abril de 1946, Leyes de Puerto Rico de ese año, pág. 1327, según fué enmendado por la Ley núm. 201 de 14 de mayo de 1948, pág. 575.

*Figueroa*, 74 D.P.R. 432. Por tanto, como en el caso de autos no hay controversia en cuanto al vencimiento del contrato de arrendamiento, la única cuestión a determinar es si los arrendadores interesan de buena fe, dedicar la propiedad a su propio uso, retirándola así del mercado de alquileres.(²)

■■ En casos como el presente, lo mismo que ocurría bajo la Ley Federal de Control de Precios (*Emergency Price Control Act of 1942*), la buena fe no se presume. Sobre el demandante recae el peso de probar por una preponderancia de la evidencia que desea recobrar la posesión del local de buena fe. *Lakowski* v. *Kustohs*, 66 N.E.2d 487; *Scharf* v. *Waters*, 66 N.E.2d 499. Aun cuando es muy difícil definir con palabras precisas el término "buena fe" porque la determinación de si existe o no es una cuestión de hechos que depende de muchas circunstancias, *Lakowski* v. *Kustohs*, supra; *Sviggum* v. *Phillips*, 15 N.W.2d 109, sin embargo, en términos generales se ha definido dicha frase como que quiere decir "honestamente, sin fraude, colusión o engaño." *Bumgarner* v. *Orton*, 63 C.A.2d Supp. 841, 146 P.2d 67; *Staves* v. *Johnson*, 44 A.2d 870; Anotación en 10 A.L.R.2d 319. Se ha considerado que hay ausencia de buena fe cuando el arrendador, al tratar de desahuciar al inquilino, lo hace guiado por algún propósito ulterior cuyo objeto es el de evadir o derrotar los propósitos de la Ley, *Gibson* v. *Corbett*, 200 P.2d 216, como por ejemplo, cuando lo hace por venganza hacia el inquilino que obtuvo de él triple daños por cobrar alquileres en exceso, *Snyder* v. *Reshenk*, 131 Conn. 252, 38 A.2d 803; o cuando el propósito dominante es el de desahuciar al inquilino y no el de obtener el local, *Staves* v. *Johnson*, supra; *McSweeney* v. *Wilson*, 48 A.2d 469; o cuando trata de desahuciarlo porque rehusa pagar más del canon máximo autorizado, *Brown* v. *Wood*, 59 F. Supp. 872;

---

(²)En realidad la única controversia en estos casos es la cuestión de la buena fe. *Roselló Hnos. Inc.* v. *Figueroa*, supra; *Nofree* v. *Leonard*, 63 N.E.2d 653; *Strauss* v. *Kaspryck*, 82 N.Y.S.2d 26.

o cuando lo hace para proveer acomodo a terceras personas cuando el estatuto no autoriza tal cosa, *Lelek* v. *Baker*, 309 Mich. 210, 14 N.W.2d 838.

En el caso de autos no existen tales crcunstancias, ni otras similares que puedan derrotar el derecho de los apelantes a desahuciar a su inquilino.

Que el propósito dominante de los demandantes-apelantes es el de ocupar el local con un negocio suyo y no el desahuciar al inquilino, lo demuestran las propias conclusiones del tribunal a quo. Después de estimar probado que el demandante Salvador Pérez, hijo, dió varios pasos encaminados a establecer un negocio en el local arrendado, sin que obtuviera éxito en ello debido precisamente a la falta de posesión de dicho local, concluye el tribunal sentenciador que ". . . , el resto de la prueba, según ha sido creída y apreciada por el tribunal, dejó de demostrar que el demandante necesitara para sí de buena fe el local aquí en litigio." Luego a renglón seguido, y como una explicación de la anterior conclusión, dice "Por el contrario, la prueba convence al tribunal de que no existía un negocio del demandante para lo cual el desahucio se hacía un paso inevitable o imprescindible, sino que el demandante a través de esta causal, pretende obtener la propiedad y la terminación del contrato prorrogado por la propia ley, y luego, establecer en él algún negocio que aún no sabe a ciencia cierta cuál será." Admite pues el tribunal a quo, que el demandante Salvador Pérez, hijo, pretende adquirir la posesión del local para establecer en él un negocio, aunque el propio demandante desconozca la naturaleza de ese negocio. De todos modos, como dijimos antes, carece de importancia que el demandante tenga ya un negocio cierto y determinado para establecerlo en el local en litigio. Lo esencial es que los demandantes no hayan actuado motivados por cualquier intención que no sea la de obtener el local para establecer su negocio. *Cf. Rosenbluth* v. *Finkelstein*, 91 N.E.2d 581. Por otro lado, el demandado ha alegado que

"la presente acción se interpone de mala fe y como represalia contra el demandado Tomás E. Gual contra quien los demandantes directa o indirectamente han tramitado varias acciones judiciales infructuosas para tratar de desposeerlo del local que legítimamente ha venido ocupando en virtud de contrato de arrendamiento válido y de sus prórrogas estatutarias." Estas acciones judiciales son, sin dudas, las de desahucio interpuestas por los demandantes contra Felipe López y contra el mismo Gual que ya hemos reseñado al comienzo de esta opinión.

El ejercicio de estas acciones legales no implican necesariamente que los demandantes actúen de mala fe, especialmente cuando dichas acciones están autorizadas por ley, y las demandas no eran tan frívolas o carentes de méritos que revelaran un propósito de persecución. Tan es ello así, que uno de los pleitos de desahucio fué fallado contra el inquilino López. De todos modos, el que el arrendador tenga cierta animosidad contra el arrendatario no demuestra de por sí mala fe sino que ello es meramente un factor que puede tomarse en consideración. *Sviggum* v. *Phillips*, supra; *Colwell* v. *Stonebraker*, 31 A.2d 866, *Staves* v. *Johnson*, supra. En este caso lo que ha habido, a lo sumo, han sido controversias judiciales sobre los derechos de las partes pero la prueba del demandado no demostró en forma alguna que los demandantes no intenten llevar a cabo el propósito alegado de establecer un negocio propio en el local arrendado, como tampoco demostró que el propósito dominante fuese desahuciar al inquilino, ni que los demandantes actuasen movidos por motivos de venganza hacia el demandado.

En resumen, los demandantes probaron su buena fe y ésta no fué desvirtuada por la prueba del demandado. Por tanto, el derecho constitucional de los demandantes a desahuciar a su inquilino, reconocido por la sección 12 B–7 de la Ley de Alquileres Razonables, según expresado en el caso de

Roselló, (³) es claro, y su acción de desahucio debe prosperar.

*Se revocará la sentencia apelada y en su lugar se dictará. otra decretando el desahucio del demandado-apelado.*

Los Jueces Asociados Sres. Marrero y Belaval no intervinieron.

(³) El caso de *Roselló* fué resuelto después que el tribunal a quo había dictado sentencia en el de autos.