FRANK BESOSA, peticionario *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. FEDERICO TILÉN, JUEZ, demandado; GEORGINA CAPÓ VDA. DE ANDRÉU, interventora.

Núm. 1731.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Enero 13, 1948.

*H. M. Besosa*, abogado del peticionario; *C. Andréu Ribas,* abogado de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Georgina Capó Vda. de Andréu radicó ante la Corte Municipal de San Juan demanda de desahucio contra Frank Besosa. Dictada sentencia adversa al demandado éste apeló

para ante el Tribunal de Distrito y, celebrado el juicio *de novo,* una vez más se declaró con lugar la demanda. Acudió el demandado ante nos con un recurso de *certiorari* y, al igual que lo hicimos en otros casos similares, expedimos el auto principalmente con el fin de que este Tribunal determine el alcance y efecto de la Ley Federal de Inquilinato de 1947 sobre casos de esta naturaleza.

Sostiene el peticionario que la corte de distrito cometió error al permitir a la demandante que enmendara su demanda en apelación, en forma tal que el desahucio se basara en causal distinta a la alegada ante la corte municipal, y al no resolver que había habido una tácita reconducción. No estamos conformes.

██ En la demanda radicada ante la corte municipal se alega sustancialmente que la demandante es administradora judicial y condueña de la casa y solar que se describen, situados en Pacific Place núm. 14, de Santurce; que el demandado ha ocupado desde hace algún tiempo uno de los apartamientos de la segunda planta por un canon mensual de $52, pagadero por anticipado el día 15 de cada mes; que el 17 de enero de 1947 la demandante requirió por escrito al demandado para que desalojara el referido apartamiento y le indicó que le concedía 10 días adicionales para así hacerlo; que de buena fe desea recuperar la posesión de dicho apartamiento, no dedicado habitualmente a alquiler, para establecer en él su residencia, ya que vive en otro local arrendado a tercera persona; que durante el año anterior a la radicación de la demanda no ha vivido en casa de su propiedad; que vencidos los diez días concedidos por ella al demandado éste se ha negado a desalojar el apartamiento; y que ha cumplido en todo con las disposiciones del Reglamento de Inquilinato.

Al ser llamado el caso para juicio ante la corte de distrito el demandado por su abogado planteó una cuestión de derecho y como resultado de ella la corte ordenó a la demandante que enmendara su demanda. Ésta así lo hizo.

Hemos examinado la demanda enmendada archivada en la corte de distrito y al compararla con la que tuvo ante sí la corte municipal notamos que las únicas modificaciones substanciales en ella contenidas son al efecto de:

"3. Que en 9 de enero de 1947, y por cheque fechado 8 de dicho mes y año, el demandado pagó a la demandante la suma de $156 correspondiente a los cánones de octubre, noviembre y diciembre de 1946 y hasta enero 15 de 1947;" y

"4. . . . . . que a la fecha en que se hizo dicha notificación al demandado, éste no había pagado la mensualidad adelantada correspondiente al mes que comenzaba en 15 de enero de 1947 y terminaba el 15 de febrero próximo."

La referida cuestión de derecho, según surge de los autos, equivalió a una excepción previa. Al declarar con lugar la misma la corte estaba facultada para autorizar una enmienda a la demanda. Véase *Santana* v. *Corte,* 58 D.P.R. 568, en el cual dijimos, a la página 574, lo siguiente:

"De manera que no hay duda de que, tanto el demandante como el demandado, en un caso que procede en apelación de una corte municipal, pueden enmendar en la corte de distrito antes de celebrarse el juicio de nuevo, sus alegaciones, demanda o contestación, pero es a virtud de permiso concedido por el juez al haberse declarado con lugar una excepción previa a la demanda o a la contestación."

Al concedérsele permiso para ello, conforme hemos indicado, la demandante enmendó su demanda en la forma antes expuesta. La adición de los referidos párrafos en manera alguna significaba que la demandante fundara su acción de desahucio en la falta de pago o que alterara la teoría de su acción.[1] Por el contrario, en la demanda enmendada reiteradamente se insistió en que la demandante deseaba recuperar de buena fe la posesión del apartamiento ocupado por el demandado.[2] Además, durante el curso

[1] El primero de los párrafos copiados de la demanda enmendada meramente indicaba la fecha hasta la cual las rentas se habían pagado y el segundo podía calificarse de defensa anticipada *(anticipatory defense). Cf. Morales* v. *Martínez,* 40 D.P.R. 724, 728.

[2] Véanse los párrafos 5 y 9 de la demanda enmendada.

del juicio ella hizo constar repetidamente que su demanda no se fundaba en falta de pago, sino en su deseo de obtener la posesión del apartamiento de buena fe. Bajo estas circunstancias, no vemos cómo puede el demandado alegar con éxito que la demandante cambió la teoría de su caso en apelación.

 Insiste asimismo el peticionario en que la demanda fué radicada prematuramente, puesto que hubo una tácita reconducción. La prueba demostró que el demandado pagó a la demandante la suma de $156 para cubrir los cánones correspondientes a los meses de octubre, noviembre y diciembre de 1946; que el contrato de arrendamiento era uno de mes a mes; que habiendo pagado el demandado hasta el 15 de enero de 1947 la demandante dirigió a éste dos días más tarde una carta requiriéndole para que desalojara el apartamiento y concediéndole un término de diez días para así hacerlo; y que si bien el demandado remitió a la demandante un cheque por $52, fechado el 15 de enero de 1947, el mismo le fué devuelto por la demandante en primero de febrero siguiente.

De acuerdo con el artículo 1456 del Código Civil, (edición de 1930), ''Si al terminar el contrato permanece el arrendatario disfrutando quince días de la cosa arrendada con aquiescencia del arrendador, se entiende que hay tácita reconducción . . . '' Aquí el requerimiento se hizo dos días después de haber vencido el mes que expiró en 15 de enero de 1947. El hecho de que la demanda no se radicara ante la corte municipal hasta el 20 de febrero no altera la situación. Tampoco, el hecho de que el demandado enviara a la demandante el cheque de 15 de enero a que ya hemos hecho mención. Para que no haya tácita reconducción lo importante es que el requerimiento se haga dentro de los 15 días inmediatamente siguientes a la expiración del arrendamiento. A este respecto, el comentarista Manresa y Navarro en el tomo X de sus Comentarios al Código Civil Español, Cuarta edición, 1931, nos dice a la página 540:

"Es el aspecto negativo del hecho que origina la tácita reconducción, según hemos dicho, la ausencia de todo requerimiento anterior. Si el requerimiento se ha verificado, la reconducción no tiene lugar. La razón es obvia; el requerimiento muestra de un modo expreso el propósito y la intención de poner término al arrendamiento, y contra el consentimiento expreso no puede prevalecer el tácito."

En lo que a la acción de desahucio en sí respecta, la prueba de la demandante demostró de manera indubitada que ella deseaba obtener de buena fe la posesión del apartamiento objeto de su demanda. Bajo la Ley Federal de 1947 el desahucio procede por ese motivo. Véase la opinión emitida por esta Corte con fecha de hoy en el recurso de certiorari número 1729, *Felipe Ávila* v. *Tribunal de Distrito de San Juan,* ante, pág. 11.

*Debe anularse el auto expedido.*