GENEROSO MOURIÑO y JUANA NICOT, peticionarios, *v.* TRIBUNAL SUPERIOR DE PRIMERA INSTANCIA, SALA DE PONCE, HON. JOSÉ A. NEGRÓN LÓPEZ, JUEZ, demandado, CARLOS LABOY, interventor.

Número 1977.
*Sometido:* 6 de febrero de 1953. *Resuelto:* 29 de marzo de 1954.

*Antonio Zapater Cajigas* y *Félix Ochoteco Jr.,* abogados de los peticionarios; *Práxedes Álvarez Leandri,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

En el anterior Tribunal Municipal de Puerto Rico, Sección de Ponce, los peticionarios radicaron una demanda de desahucio contra el interventor, alegando necesitar para sí, de buena fe, el local ocupado por el interventor, para dedicar dicho local a la instalación de un negocio de los peticionarios. Contestó el interventor alegando que los peticionarios interesaban dicho local para ampliar un negocio de compra y venta de café que tienen establecido al lado del negocio del interventor, lo cual resulta estar en contra de la ley; que los peticionarios habían adquirido el local objeto del desahucio con posterioridad al 17 de julio de 1947, estando por lo tanto restringidos en el uso del remedio solicitado, por las disposiciones del artículo 12-A de la Ley de Alquileres Razonables de Puerto Rico según enmendada por la Ley número 201 de 14 de mayo de 1948 ((1) pág. 575). El Tribunal Municipal de Puerto Rico, Sección de Ponce, dictó sentencia a favor de los peticionarios.

Habiéndose apelado de dicha sentencia ante el anterior Tribunal de Distrito de Puerto Rico, Sección de Ponce, los peticionarios radicaron una moción solicitando la eliminación de las dos defensas presentadas por el interventor en su contestación o sea, el propósito de los peticionarios de ampliar su negocio utilizando el local ocupado por el interventor y la adquisición del local objeto del desahucio con posterioridad al 17 de julio de 1947, por ser dichas defensas inmateriales e impertinentes y no constituir defensa legal alguna ya que están fundadas en un precepto de ley que es inconstitucional.

El Juez recurrido señor José A. Negrón López declaró sin lugar la eliminación de las defensas por entender que el caso no estaba cubierto por la decisión del caso de *Rivera* v. *R. Cobián Chinea & Co. Inc.*, 181 F.2d 974, (Maris), (Magruder disidente), (mayo 19, 1950) de la Corte de Apelaciones de los Estados Unidos para el Primer Circuito. El fundamento principal del Juez recurrido fué el siguiente:

"El caso de *Rivera* v. *Cobián* antes citado que fué resuelto en 19 de mayo de 1950, declara inconstitucional la sección 12 de la Ley antes relacionada, y aunque hace una ligera referencia a la página 979, a las enmiendas incorporadas a la ley en la sección 12-A por la Ley número 201 aprobada el 14 de mayo de 1948, la corte al emitir su opinión no entró en la constitucionalidad o inconstitucionalidad de dicha sección según enmendada (en la que se basan las defensas impugnadas) dejando tal determinación para ser tomada por la Corte de Distrito, a la que devolvió el caso. No habiéndosenos presentado un razonamiento o doctrina jurídica que nos convenza plenamente que dicha sección 12-A según enmendada sea inconstitucional, procede desestimar tal alegación." Esta es la resolución que se nos ha pedido revisar mediante *certiorari*.

Cuando el ilustrado Juez recurrido resolvió el 12 de septiembre de 1952 dicha moción eliminatoria, no tuvo el beneficio de nuestro razonamiento en el caso de *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432, (Ortiz), marzo 2 de 1953, cita precisa a la página 438, donde se dice: "Es cierto que el caso de autos no está gobernado por las disposiciones del artículo 12 de la Ley número 464 de 1946, que estaba directamente envuelta en el caso de *Rivera* v. *Cobián Chinea*, supra, y debe resolverse al amparo del ya transcrito artículo 12-A, que forma parte de la Ley número 201 de 14 de mayo de 1948. Sin embargo, las condiciones a la acción de desahucio fijadas en el artículo 12-A-7, y que fueron señaladas por el tribunal a quo como requisitos necesarios y previos a la acción de desahucio, constituyen limitaciones y restricciones adicionales al

ejercicio del derecho constitucional del propietario a desahuciar al inquilino cuando el propósito *bona fide* del dueño sea, como hemos visto, el de retirar la propiedad del mercado de alquileres para dedicarlo a su propio uso, cuando haya vencido el término del arrendamiento contractual. Por lo tanto, tales condiciones, limitaciones y restricciones adicionales deben ser consideradas como inconstitucionales e inválidas, en cuanto a su aplicación a un caso como el de autos, en que se alega que la demandante tiene el propósito de retirar los locales del mercado de alquileres para dedicarlo a su propio uso."

Después de la decisión de *Rivera* v. *R. Cobián Chinea & Co. Inc.*, supra, y de la decisión de *Roselló Hermanos* v. *Figueroa,* supra, la limitación impuesta por el artículo 12-A-7-(*d*) de la Ley de Alquileres Razonables de Puerto Rico, según quedó enmendada por la Ley número 201 de 14 de mayo de 1948, en el sentido que no será causa bastante para el desahucio, el deseo del propietario de usar el local arrendado para ampliación de su propio negocio, ha quedado totalmente eliminada.

Lo mismo puede decirse de la limitación impuesta por el inciso (*a*) de dicho artículo 12-A-7, en cuanto a que no procederá la acción de desahucio bajo tal artículo 12-A-7 si el arrendador ha adquirido la propiedad con anterioridad al 17 de julio de 1946, fecha de vigencia de la Ley de Alquileres Razonables en cuanto a locales comerciales y de negocios. Ya en el caso de *Roselló Hermanos* v. *Figueroa,* supra, advertimos que: "La efectividad del derecho constitucional del arrendador de recuperar la propiedad bajo las circunstancias ya enumeradas no debe depender de la fecha en que adquirió la propiedad. El derecho surge al adquirirse la propiedad, independientemente de la fecha de adquisición."

Ratificando nuestra anterior decisión sobre el particular, afirmamos, que cualquier propietario de un edificio de comercio o local dedicado a negocios, que alegue y pruebe: (1) haber notificado por escrito en forma fehaciente al inquilino afectado, por lo menos con seis meses de antelación a la fecha en que el inquilino deba recibir la notificación de desalojo;

(2) haber vencido el plazo acordado para el arrendamiento; (3) que interesa de buena fe retirar dicha propiedad del mercado de alquileres para ocuparla con un negocio de su propiedad, tiene derecho a desahuciar a su arrendatario de acuerdo con la causa de acción provista por el artículo 12-A-7 de la Ley de Alquileres Razonables de Puerto Rico, según quedó enmendada por la Ley número 201 de 14 de mayo de 1948. Las otras condiciones contenidas en dicho artículo 12-A-7 deben considerarse como inexistentes por ser inconstitucionales, menos el inciso letra (*f*) de dicho artículo 12-A-7 que establece:

"*f*. Si dentro de los noventa (90) días de ser desalojado el local y sin que medie justa causa éste no fuera ocupado y abierto al público por el arrendador, el inquilino podrá obtener del arrendador la indemnización que corresponda a los daños efectivamente sufridos por razón del desalojo, suma que nunca será inferior a tres mensualidades de renta, más las costas y honorarios de abogado del demandante. Si en cualquier momento durante los doce meses siguientes a la fecha en que el arrendatario desaloje el local el arrendador la cediese o arrendare a otra persona, indemnizará el arrendatario por los daños que se le hubieren causado, los cuales se fijarán en una suma que en ningún caso será inferior de doscientos (200) dólares o de seis mensualidades de alquiler, cualquiera de estas sumas que fuere la mayor, más las costas y honorarios de abogado del demandante, según los fije el tribunal. Lo anterior es sin perjuicio de la responsabilidad fijada al arrendador en el artículo 12-*j*,"

que continúa en vigor, y que representa la penalidad impuesta contra cualquier propietario que pretenda defraudar la política pública del estatuto.

Por las razones expuestas, *se anula la resolución dictada el 12 de septiembre de 1952 por el Juez recurrido señor José A. Negrón López, en el presente caso, se ordena la eliminación de las defensas presentadas por el demandado en su contestación enmendada de 24 de octubre de 1951 y se devuelve el caso para cualesquiera otras actuaciones no inconsistentes con los resultados de esta opinión.*