GALIÑANES HERMANOS, INC., peticionaria, v. TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. F. TORRES AGUIAR, JUEZ, demandado; UNIVERSAL FURNITURE CO., INC., interventora.

Número 2037.

*Sometido:* 4 de diciembre de 1953.  *Resuelto:* 27 de enero de 1955.

---

*Rodríguez Otero & Ramírez* y *José Quiñones Elías,* abogados de la peticionaria; *Romany & Romany,* abogados de la interventora, demandada en el pleito principal.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

Todo lo que tenemos que resolver en este caso es, si un arrendatario puede desahuciar a un subarrendatario suyo por necesitar de buena fe el local subarrendado para ampliar su negocio. La ilustrada Sala sentenciadora entendió que solamente el dueño de la propiedad podía retirar el local arrendado del mercado de alquileres para dedicarlo a uso propio. La peticionaria apeló de la sentencia donde se hizo tal pronunciamiento.

Los hechos son bastante sencillos: Galiñanes Hermanos, Inc., como arrendataria de la planta baja de un edificio, le subarrendó parte de dicho local a la Universal Furniture Co., Inc., mediante un contrato escrito que venció desde el 1951. Después de notificarle de su intención de recuperar el local subarrendado, en la forma prevista por ley, presentó una demanda de desahucio ante el Tribunal de Distrito de Puerto Rico, Sala de San Juan, alegando que "la demandante interesa el local anteriormente descrito para ocuparlo personalmente en un negocio de *pet-shop* de su exclusiva pertenencia".

Contestó la demandada, aquí interventora, alegando como cuestión previa de derecho, que la demanda no aducía hechos suficientes para constituir una causa de acción suficiente, aceptando la capacidad de las partes, el carácter de subarrendadora de la demandante y el contrato celebrado entre las partes y negando el hecho que la demandante necesitara el local para su ocupación personal. La ilustrada Sala sentenciadora del Tribunal de Distrito, declaró con lugar la demanda. Apelada la sentencia para ante el Tribunal Superior de Puerto Rico, Sala de San Juan, esta última Sala revocó a la ilustrada Sala sentenciadora del Tribunal de Distrito, por el fundamento que ya hemos expresado. Para revisar dicha actuación expedimos auto de *certiorari*.

La ley aplicable al caso son los arts. 12 y 12–A, 12–F de la Ley núm. 464 de 25 de abril de 1946 ((1) pág. 1327), según quedó enmendada por la Ley núm. 201 de 14 de mayo de 1948 ((1) pág. 575), que extractados en sus contenidos pertinentes, disponen lo siguiente: art. 12—"Sea cual fuere la fecha de su edificación u ocupación, y tanto en las viviendas como en los locales de negocio, aunque cambie el dueño o el titular arrendador, llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrendatario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes; la anterior" [disposición] "es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, pero nunca por un período mayor que la duración de la emergencia declarada en esta Ley; dicha prórroga es también aplicable a solares dados en arriendo y en los cuales existen edificaciones pertenecientes a dueño distinto al del solar"; art. 12–A— "Como excepciones a lo dispuesto en el artículo precedente, el arrendador podrá negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de

desahucio solamente en los casos siguientes: ... 7—por necesitar para sí de buena fe, el local de comercio o negocio; para que prospere esta excepción será necesario que concurran las condiciones fijadas a continuación: (a) que el arrendador haya adquirido la propiedad con anterioridad al 17 de julio de 1947, fecha de vigencia de la Ley de Alquileres Razonables en cuanto a locales comerciales y de negocio, y que el local hubiera estado arrendado por plazo fijo y ya hubiera vencido el término del arrendamiento; (b) que el arrendador no tenga establecido en la misma localidad, en edificio propio o ajeno, un negocio de naturaleza igual o parecida al que tenga el inquilino; (c) que el arrendador interese el local para ocuparlo personalmente con negocio de su exclusiva pertenencia; (d) el mero hecho de que el arrendador desee o necesite la ampliación de su negocio no será causa bastante para justificar la necesidad en que se halla de ocupar el local que hubiere dado en arriendo; (e) el arrendador deberá notificar por escrito en forma fehaciente al inquilino afectado la necesidad en que se halla de ocupar para sí el local y le requerirá para que desaloje el mismo, todo ello con seis meses de antelación, por lo menos, a la fecha en que el inquilino reciba la notificación de desalojo; (f) si dentro de los noventa (90) días de ser desalojado el local y sin que medie justa causa éste no fuera ocupado y abierto al público por el arrendador, el inquilino podrá obtener del arrendador la indemnización que corresponda a los daños efectivamente sufridos por razón del desalojo, suma que nunca será inferior a tres mensualidades de renta, más las costas y honorarios de abogado del demandante. Si en cualquier momento durante los doce meses siguientes a la fecha en que el arrendatario desaloje el local el arrendador lo cediese o arrendare a otra persona, indemnizará al arrendatario con los daños que se le hubieren causado, los cuales se fijarán en una suma que en ningún caso será inferior de doscientos (200) dólares o de seis mensualidades de alquiler, cualquiera de estas sumas que

fuere la mayor, más las costas. y honorarios de abogado del demandante, según los fije el tribunal. Lo anterior es sin perjuicio de la responsabilidad fijada al arrendador en el Artículo 12–J."; y el artículo 12–F "la prórroga involuntaria prescrita en el Artículo 12 será aplicable igualmente a subarriendos durante todo el tiempo el arrendatario esté en posesión del local."

Hemos ya resuelto que de todas las limitaciones impuestas por el art. 12–A–7 de la Ley de Alquileres Razonables, cuando se trata de arrendamientos vencidos, que subsisten, después de la decisión del caso de *Rivera* v. *R. Cobián Chinea & Co., Inc.*, 181 F.2d 974 (*Maris*, ponente) (*Magruder*, disidente), (1950), son: la 12–A–7—(c), referente a la necesidad de probar que el arrendador interesa el local para ocuparlo personalmente con negocio de su exclusiva pertenencia, la 12–A–7—(e), referente a que el arrendador deberá notificar por escrito en forma fehaciente al inquilino afectado la necesidad en que se halla de ocupar para sí el local, y le requerirá para que desaloje el local con seis meses de antelación, por lo menos, a la fecha en que el inquilino reciba la notificación de desalojo, y la 12–A–7—(f) referente a la indemnización que deberá pagarse al inquilino cuando el local no fuere ocupado y abierto al público por el arrendador noventa días después de desalojado, o si dentro de los doce meses siguientes al desalojo, el arrendador lo arrendare a otra persona: *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432, (*Ortiz*), (1953), cita precisa a la pág. 438; *Mouriño* v. *Tribunal Superior*, 76 D.P.R. 273, (*Belaval*).

Ahora bien, aunque ya nadie pone en duda el derecho del dueño a retirar del mercado de alquileres una propiedad para su propio uso, aunque sea para ampliar el local de un negocio del dueño-arrendador, igual o parecido al negocio del inquilino, porque cualquiera prohibición en este sentido resultaría inconstitucional, se duda del derecho de un subarrendador a retirar del mercado de alquileres una pro-

piedad por él subarrendada para dedicarla a su propio uso, porque tal prohibición no resultaría inconstitucional, y por lo tanto, podría reglamentarse en una forma distinta.

La ilustrada Sala sentenciadora parece haber empleado el discutible método de hermenéutica que contrasta la literalidad de la letra de la ley con la racionalidad de los efectos que produce. Tal vez pudiéramos aceptar su método, con las reservas de rigor, si entre los elementos racionales hubiera incluído la teoría de derecho correspondiente a la institución envuelta. En Derecho Civil, el arrendamiento significa un desprendimiento voluntario de parte del derecho de propiedad. "El uso o goce de una cosa, es un derecho que radica en ella, que es inherente a ella e inseparable de la misma, *es uno de los varios que integran el dominio*, y pertenece, por tanto, al propietario, quien precisamente por eso, puede disponer de él por título oneroso o lucrativo, por más o menos tiempo, con mayor o menor extensión; es absurdo que si se transmite el uso o el disfrute de una cosa sin precio, constituya un derecho real de usufructo, de uso o de habitación y no lo constituya si se enajena en otra forma, con otro nombre o mediante el pago de determinada renta; en cualquiera forma que sea, el propietario, al transmitir el uso o el derecho, se desprende de él, lo pierde para sí y lo entrega a otro; si quiere después vender o dar en pago el objeto o cosa con todos los derechos, de que es susceptible, podrá transmitir cuanto no haya transmitido antes, no lo que ya dió, porque es un principio hasta de sentido común que nadie puede dar lo que no tiene, lo que no es suyo, lo que él mismo concedió antes a otro": 10 manresa 467 a 468, (quinta ed. revisada del Instituto Editorial Reus de 1950).

En esta glosa Manresa fija dos conceptos que esclarecen bastante el fenómeno jurídico que presenta el arrendamiento: (1) que el arrendamiento es uno de los derechos de disposición (*jus disponendi*) del dominio, y por lo tanto, quien arrienda dispone de parte de su derecho de propiedad a favor de otra

persona y (2) que el arrendamiento es por naturaleza un derecho de propiedad transmisible parcialmente de una persona a otra.

Como se trata de un derecho transmisible, "el subarriendo es un nuevo arrendamiento completamente independiente del arrendamiento primitivo": (10 Manresa 520, ed. citada.) Por lo tanto, el arrendatario cuando se convierte en subarrendador, tiene parte del derecho de propiedad del dueño enajenado a su favor y puede transmitir esa parte del derecho de propiedad a un subarrendatario mientras su contrato esté en vigor. Lo que termina la transmisión parcial del derecho de propiedad que se produce en el arrendamiento es la terminación del contrato. Si el contrato entre el subarrendador y el subarrendatario termina, el subarrendador puede ejercer contra el subarrendatario todos los derechos de propiedad que él adquirió del dueño-arrendador en el contrato original. Siendo ésto así, tiene derecho a ejercitar contra el subarrendatario todos los derechos que para el goce o disfrute de la cosa tendría el dueño, puesto que tales derechos están enajenados a él.

Por eso el art. 22 de la Ley núm. 464 de 25 de abril de 1946, según quedó enmendado por la Ley núm. 201 de 14 de mayo de 1948, que trata de las definiciones de los términos empleados en la ley, al disponer que "propietario y dueño incluyen a todo propietario, dueño, arrendador, subarrendador, administrador, persona natural o jurídica, gerente y apoderado para los efectos de la administración de una o más propiedades de alquiler" resulta plena de sentido jurídico, pues todos los sujetos de derecho comprendidos son o el dueño, o la persona a quien el dueño le ha enajenado parte de su derecho, como es el caso de un subarrendador, o las personas que actúan en representación o para beneficio del dueño como suelen ser los administradores, los gerentes o los apoderados del dueño. Por eso el art. 12–f de la Ley de Alquileres Razonables incorporado por la Ley núm. 201 de 14 de mayo de

1948 dispone que "la prórroga involuntaria prescrita en el artículo 12 será aplicable igualmente a subarriendos durante todo el tiempo que el arrendatario esté en posesión del local", equiparando en efectos jurídicos al arrendamiento y al subarriendo, en las relaciones entre dueño-arrendador y arrendatario y arrendatario-subarrendador y subarrendatario.

■ Aunque no creemos que exista ninguna deficiencia en las disposiciones de la Ley de Alquileres Razonables de Puerto Rico para la correcta interpretación de una ley especial, tomada sustancialmente de la Ley de Arrendamientos Urbanos de 31 de diciembre de 1946 de España, no podríamos abstraernos a la realidad, que ante la necesidad de suplir cualquiera deficiencia en los conceptos de la ley especial, tendríamos que recurrir al Código Civil de Puerto Rico de 1930, cuyo art. 12 equivalente en su totalidad al art. 16 del Código Civil de España, dispone: "en las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá, por las disposiciones de este Código", siendo por lo tanto, aplicables las disposiciones de nuestro Código Civil a las verdaderas relaciones jurídicas que existen, en cuanto al goce y disfrute de una cosa arrendada, entre un subarrendador y un subarrendatario.

*Debe revocarse la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el presente caso y devolverse el caso para cualesquier pronunciamientos no inconsistentes con esta opinión.*

Los Jueces Asociados Sres. Negrón Fernández y Sifre concurren en el resultado.