Lucas Vélez, peticionario, *v.* Tribunal Superior, Sala de Mayagüez, Hon. Frank Vizcarrondo Vivas, Juez, demandado.

Número 2244.

*Sometido:* 2 de abril de 1956. *Resuelto:* 19 de junio de 1956.

*José Sabater,* abogado del peticionario.

El Juez Asociado Señor Negrón Fernández emitió la opinión del Tribunal.

El 23 de agosto de 1955, Lucas Vélez—aquí peticionario —inició acción de desahucio contra Félix S. Hernández. Las alegaciones esenciales de la demanda son las siguientes: el 21 de diciembre de 1954 el demandante adquirió, por

compra, un edificio en Mayagüez dedicado a almacén, con el propósito de retirar el mismo del mercado de alquileres para dedicarlo, de buena fe, al uso propio del demandante. El demandado ocupa dicha propiedad, como inquilino de la anterior dueña, pero el demandante no aceptó dicho contrato ni su prórroga en forma alguna, lo cual comunicó por correo certificado al demandado el 30 de diciembre de 1954. En vista de que el demandado depositó en el Tribunal de Distrito de Mayagüez el importe del canon de arrendamiento de $75 al mes que pagaba a la anterior dueña, el demandante reiteró al demandado, también por correo certificado, el 9 de febrero de 1955, su decisión anterior de no aceptar ni prorrogar el arrendamiento del demandado con la anterior dueña, requiriéndole el desalojo de dicha propiedad una vez transcurridos 6 meses de dicha notificación, el cual período, a la fecha de presentación de la demanda, ya había expirado sin que el demandado hubiera desalojado el referido local. En la misma fecha de presentación de la demanda envió copia de ésta a la Administración de Estabilización Económica, en San Juan.

Luego de los trámites de ley y celebrado el juicio en sus méritos, el tribunal dictó sentencia declarando. *sin lugar* la demanda, con costas al demandante.

En sus conclusiones de hecho el tribunal dió por probadas las alegaciones de la demanda, y aunque en las de derecho dejó establecido que "el demandante ha probado que desea de buena fe recobrar el local comercial objeto de esta acción de desahucio para establecer en el mismo... un negocio propio", conforme a las decisiones de este Tribunal en *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 y *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261 concluyó—y en ello se fundó para declarar sin lugar la demanda—que el demandante no tenía derecho al desahucio por no haber cumplido "con todos los requisitos de ley" al no enviar a la Oficina de Inquilinato de la Administración de Estabilización Económica, en cumplimiento de la Orden Administrativa núm. 7 de dicha Oficina de 5

de marzo de 1953, copia del requerimiento que por escrito le hizo al inquilino el 30 de diciembre de 1954 para que desalojara el local adquirido 9 días antes, por necesitarlo para sí de buena fe, y que, en consecuencia, dicho requerimiento resultaba nulo por disponer dicha Orden que "Será considerado nulo y sin efecto legal alguno todo requerimiento... copia del cual no sea enviado a esta Oficina contemporáneamente con la notificación al inquilino."

En el presente recurso el peticionario impugna la actuación del tribunal recurrido al declarar sin lugar la demanda y nos pide que revoquemos la sentencia dictada y se ordene a dicho tribunal que dicte nueva sentencia, conforme a sus propias conclusiones de hecho, decretando el desahucio. Como fundamentos de su recurso sostiene (1) que el Administrador de Inquilinato—hoy Administrador de Estabilización Económica—al aprobar la Orden Administrativa de referencia, en aquella parte que declara nulo y sin efecto legal alguno todo requerimiento hecho a un inquilino cuando no se envía copia de éste, contemporáneamente, a la Oficina de Inquilinato, se excedió en su autoridad; (2) que dicha Orden es irrazonable y viola el debido proceso de ley, y (3) que es inútil en su propósito y le impide el ejercicio de su derecho a adquirir de buena fe su propiedad, para su propio uso.

La Orden Administrativa núm. 7 de 5 de marzo de 1953 se titula "Orden Provisional sobre Reglamentación de las Acciones de Desahucio", y fué promulgada por el Administrador de la Oficina de Administración de Inquilinato de Puerto Rico (hoy Oficina de Estabilización Económica) al amparo del art. 5 (d) de la Ley 464 de 25 de abril de 1946 (17 L.P.R.A. sec. 185). Dicha Orden, copiada íntegramente en su texto, es la siguiente:

"Efectivo a las 12:01 A.M. del día 6 de marzo de 1953, será necesario que el Demandante, en cualquier acción de desahucio en los Tribunales de Puerto Rico, envíe copia de la demanda de desahucio a la Oficina de Administración de Inqui-

linato, en la misma fecha en que sea radicada la demanda. Dicha copia podrá ser enviada por correo. La demanda original deberá contener una certificación haciendo constar que se ha cumplido con este requisito.

"En las demandas que se funden en la falta de pago del alquiler legal correspondiente a un período no menor de un mes, no bastará alegar que el alquiler es el convenido y estipulado entre las partes, y será necesario alegar, además, que el alquiler no excede el legal autorizado por la agencia que tenga jurisdicción sobre la fijación del canon de arrendamiento del inmueble objeto de la acción.

"En el caso de propiedades de alquiler que estén bajo el control de la Oficina de Administración de Inquilinato, copia de todo requerimiento por escrito que sea enviado al inquilino exigiéndole que desaloje la vivienda o local por cualesquiera de las razones que señala la Ley, ha de ser enviada a esta Oficina. Será considerado nulo y sin efecto legal alguno todo requerimiento antes mencionado copia del cual no sea enviada a esta Oficina contemporáneamente con la notificación al inquilino."

En *Fernández & Hno.* v. *Pérez et al.,* ante pág. 244, (1956) decidimos, en cuanto al requisito contenido en el primer párrafo de dicha Orden—envío de copia de la demanda a la Oficina de Administración de Inquilinato en la misma fecha de su radicación y certificación en la demanda de haberse hecho el envío—que aunque el demandante no remitió originalmente copia de su demanda a la referida Oficina, ni tampoco hizo constar en ella el cumplimiento con tal requisito, no obstante, al enviar nueve días después de presentada aquella, copia de la misma a la referida agencia administrativa—indicándole además la fecha señalada para la segunda comparecencia en el pleito—se cumplió a cabalidad con el propósito que inspira el requisito fijado por dicha Orden: "poner sobre aviso a la Oficina de Estabilización Económica para que ésta, si lo cree necesario, pueda comparecer en corte en defensa de los derechos que la ley y los reglamentos conceden a los inquilinos".

En el presente caso no está envuelta la falta de cumplimiento con el requisito de envío de copia de la demanda a la agencia administrativa, exigido por el primer párrafo de la Orden núm. 7, ni ésta impone, en cuanto a dicho extremo, las consecuencias de nulidad que establece en cuanto al incumplimiento con el requisito de envío, a la referida agencia, de copia del requerimiento de desalojo al inquilino. En tanto impone esas consecuencias en este último caso, la Orden constituye una extralimitación de la facultad delegada al Administrador por la Asamblea Legislativa a través del art. 5 (*d*) de la Ley de Alquileres Razonables, el cual le autoriza a "dictar, enmendar, o revocar, de tiempo en tiempo, aquellas reglas, reglamentos, órdenes y determinaciones que estime necesarios o propios *a fin de llevar a cabo los propósitos de esta Ley*". (Bastardillas nuestras.)

No podemos ignorar que se trata aquí de una acción de desahucio fundada en la causal establecida por la sec. 12-A-7 —necesitar para sí de buena fe el local de comercio o negocio—cuyo alcance constitucional fué fijado por la Corte de Apelaciones para el Primer Circuito en *Rivera* v. *R. Cobián Chinea & Co.*, 181 F.2d 974, y posteriormente, en armonía con dicha decisión, por este Tribunal en *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432, *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385, *Mouriño* v. *Tribunal Superior*, 76 D.P.R. 273, y *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261. En estos casos dejamos establecido que, con excepción (1) del requerimiento de desalojo al inquilino con 6 meses de antelación a la fecha en que éste reciba dicho requerimiento; (2) de que el término del contrato está vencido y (3) de que el dueño de la propiedad interesa de buena fe retirar la misma del mercado de alquileres para dedicarla a su propio uso, ningún otro requisito de los contenidos en el art. 12-A-7 de la ley tiene que establecer el demandante para que el desahucio prospere. Como apuntamos en dichas decisiones, los demás requisitos contenidos en el art. 12-A-7, constituían "limitaciones y restricciones adicionales al ejercicio del derecho constitucional

del propietario a desahuciar al inquilino cuando el propósito *bona fide* del dueño sea . . . el de retirar la propiedad del mercado de alquileres para dedicarlo al propio uso".

La Orden Administrativa núm. 7 *en aquella parte que declara nulo el requerimiento* de desalojo hecho al inquilino cuando no se envía copia del mismo a la agencia administrativa, tiende a negar eficacia jurídica al derecho constitucional que el propio poder legislativo protege y para el ejercicio del cual marcó en el propio estatuto el requisito de notificación del requerimiento de desalojo *al inquilino* transcurridos 6 meses como condición para que pueda prosperar la acción de desahucio.

El art. 12-A-7 de la ley, en el subinciso *e*, dispone que "El arrendador deberá notificar por escrito en forma fehaciente al inquilino afectado la necesidad en que se halla de ocupar para sí el local, y le requerirá para que desaloje el mismo, todo ello con 6 meses de antelación, por lo menos, a la fecha en que el inquilino reciba la notificación de desalojo." Esta es una de las condiciones que subsisten válidamente, después de la decisión de la Corte de Apelaciones en el caso de *Cobián Chinea*, en el art. 12-A-7 de nuestra Ley de Alquileres Razonables, según las decisiones anteriormente citadas,(¹) para que el arrendador pueda negar la prórroga del arrendamiento que dispone al art. 12, y, en su consecuencia, promover la acción de desahucio por la causal de necesitar para sí de buena fe el local de comercio o negocio. Esa condición está reiterada en el art. 12-B al disponer lo siguiente:

"En los casos previstos en los incisos 7 y 8 del Artículo 12-A, si hubiera contrato por término fijo, no podrá hacerlo hasta tanto haya transcurrido la fecha fijada para la expiración del contrato, y si no hubiera contrato por término fijo, no podrá hacerlo hasta después de transcurridos los plazos mencionados en los incisos 7 e y 8 d del artículo 12-A.

---

(¹) Las condiciones subsiguientes al desalojo contenidas en la letra 'f' del art. 12–A–7, conforme indicamos en *Mouriño* v. *Trib. Superior,* supra, continúan en vigor por representar la penalidad impuesta a cualquier propietario que pretenda defraudar la política pública del Estado.

"En cualquier otro caso en que pueda promoverse la acción de desahucio bajo legislación insular o federal, el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio.

"El tribunal decretará la suspensión del procedimiento en toda acción en que no se hubiera hecho la notificación previa aquí requerida hasta que transcurra el término de la misma."

Debe advertirse que la Asamblea Legislativa, al aprobar la Ley 464 tuvo por fin primordial el de proveer las normas para la fijación de alquileres razonables durante la emergencia creada por el problema de escasez de viviendas, y que la reglamentación del contrato de arrendamiento y de los procedimientos de desahucio la ejerció válidamente como medio para evitar que a través de esos procedimientos se desvirtuara la efectividad de los alquileres máximos a cobrar. *Rivera* v. *R. Cobián Chinea,* supra. En ese sentido la Asamblea Legislativa reglamentó en detalle el contrato de arrendamiento y el ejercicio de la acción de desahucio, y bien puede decirse que en cuanto a esta acción, muy poco podía reglamentar el Administrador—para llevar a cabo los fines de la ley—que no estuviere en ésta previsto, y desde luego, nada que pudiera significar una restricción adicional que hiciere nulo el procedimiento taxativo marcado en el estatuto. Una vez que la Asamblea Legislativa reglamentó el ejercicio de la acción de desahucio y reconoció la procedencia de ésta, entre otras causas, por la que establece el art. 12-A-7, como excepción a la prórroga obligatoria del arrendamiento—dentro del alcance dado a la ley en el caso de *Cobián Chinea* y los posteriores de este Tribunal—no podemos convenir en que, cumplido en toda su extensión el requisito de requerimiento al inquilino para el desalojo, con 6 meses de antelación a la presentación de la demanda, según provee la ley, pueda el Administrador declarar nulo dicho requerimiento porque no se cumpliera el requisito adicional, por él fijado,

de que se envíe también copia de dicho requerimiento a su Agencia.

En tanto dicha Orden declara nulo el requerimiento que en forma fehaciente haga el inquilino, de conformidad con el estatuto—en casos en que el propietario necesite para sí de buena fe el local de comercio o negocio—la Orden Administrativa núm. 7 de 5 de marzo de 1953, es nula por constituir un ejercicio no autorizado de facultad delegada por el art. 5 (d) de la Ley.

*La sentencia declarando sin lugar la demanda de desahucio en este caso será revocada y devueltos los autos al tribunal recurrido para que de conformidad con sus conclusiones de hechos, y las de derecho no incompatibles con esta opinión, dicte sentencia declarando con lugar la demanda, con cualesquiera otros pronunciamientos en ley procedentes.*

