Félix S. Hernández, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de Mayagüez, Hon. Frank Vizcarrondo Vivas, Juez, demandado.

Número 2143.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 26 de junio de 1956.

*Eudaldo Báez García,* abogado del peticionario; *José Sabater,* abogado del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Se trata de un desahucio bajo la modalidad autorizada por el art. 12-A-8 de la Ley de Alquileres Razonables de Puerto Rico, que autoriza al casero a negar la prórroga obligatoria del contrato, si interesa proceder a la demolición total o parcial del edificio arrendado para construir un nuevo edificio. Dicho artículo establece, que en el nuevo edificio construído, el arrendador *podrá retener para uso propio no más de una vivienda y un local de comercio y que los otros locales de vivienda y de negocios que hubieren disponibles serán arrendados a los arrendatarios de los anteriores locales,* por orden de antigüedad, debiendo firmarse los nuevos contratos antes del desalojo de los arrendatarios de los anteriores locales. En este caso se trata de un edificio que

tiene un solo local, que después de demolido y construído de nuevo, seguirá teniendo un solo local. Siendo esto así, es dudoso que prevalezca el derecho del anterior arrendatario, sobre el derecho del dueño a retener para uso propio, el local de negocio en el nuevo edificio construído.

Pero hay algo más. Durante la vista del caso, al interrogársele al demandante, tanto por su abogado como por el abogado del demandado, sobre las razones que tenía para no proceder a celebrar con su inquilino, un nuevo contrato de arrendamiento por el local que se construiría en el nuevo edificio, contestó, que necesitaría dicho local para instalar en él un negocio propio. (T. 2–4, 9, 10, 32, 33.) La ilustrada Sala sentenciadora llegó a la conclusión que las alegaciones habían quedado enmendadas por la prueba y que estaba ante un desahucio bajo la modalidad del art. 12-A-7 de la Ley de Alquileres Razonables de Puerto Rico, que autoriza el desahucio, cuando el casero necesite de buena fe el local arrendado para uso propio, y por dicha modalidad, declaró con lugar el desahucio.

El anterior demandado, aquí peticionario, se querella, entre otras, de tal conclusión, alegando que el fallo se funda en una nueva causa de acción, no alegada inicialmente. La causa de acción es la misma,—desahucio—sólo que se trata de una causa de acción que tiene distintas modalidades o razones de pedir. Asumiendo, aunque sin resolverlo, que cada una de las modalidades constituya una causa de acción distinta, antes de procederse a la presentación de la evidencia, el abogado de la demandante le informó al tribunal, que "el arrendador va a demoler y a construir un nuevo edificio para su propio negocio". Bien es verdad, que el abogado de la peticionaria le llamó la atención al tribunal sobre la diferencia que existía entre una alegación y otra, pero posteriormente, no hizo objeción a la presentación de la evidencia, ni solicitó su eliminación, ni consignó excepciones, según la vieja práctica, ya que las Reglas de Enjuiciamiento Civil no son aplicables al procedimiento de desahucio.

Como se ve, la ilustrada Sala sentenciadora, tuvo razón al determinar que el caso siguió ventilándose bajo las disposiciones del art. 12-A-7 de la Ley de Alquileres Razonables de Puerto Rico. Esto simplifica bastante la cuestión litigiosa ante nos, puesto que la deja reducida a la demostración de tres hechos jurídicos: (1) que se trata de un contrato vencido; (2) que el arrendatario fué requerido de desalojo con seis meses de antelación; (3) que el dueño, al requerir el desalojo del edificio para su demolición, actúa de buena fe: *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432 (Ortiz), (1953), cita precisa a la pág. 438; *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 (Pérez Pimentel), (1953), cita precisa a la pág. 391; *Mouriño* v. *Tribunal Superior*, 76 D.P.R. 273 (Belaval), (1954), cita precisa a las págs. 276 y 277; *Roselló Hnos.* v. *Figueroa*, 78 D.P.R. 261 (Belaval), (1955), cita precisa a las págs. 271 et seq., confirmado por la Corte de Apelaciones de Estados Unidos del Primer Circuito, *Roselló Hnos., Inc.* v. *Figueroa et al.*, (Maris), 233 F.2d 248 (1956), cita precisa a la pág. 249.

En este caso se trataba de un contrato vencido; el inquilino fué debidamente notificado, y no hubo controversia sustancial en cuanto a la buena fe. El demandado, aquí peticionario, también nos llama la atención en cuanto al posible impedimento, que para el desahucio solicitado, representa el hecho, que se trata de un solo local formado por dos locales contiguos de distintos dueños.

En cuanto a este último extremo, la prueba demostró que el demandado, aquí apelante, había alquilado los dos distintos locales a sus respectivos dueños; que la pared que los separaba había sido demolida para formar un solo local; que no se trataba de una pared medianera; que existe un juego de columnas que limitan el área de cada uno de los locales contiguos, y que facilitan la separación de los dos locales; que en los planos trazados para la construcción del nuevo edificio, debidamente aprobados por la Junta de Planificación, la nueva construcción quedará totalmente dentro

del solar correspondiente al demandante. Siendo esto así, no existe la "cuestión fundamental" que pueda impedir la presente acción.

La alegación que la finca a ser desalojada no resulta suficientemente descrita, carece de importancia, ya que se trata de una finca urbana, cuyo perímetro, además de estar debidamente deslindado, ha sido objeto de mensura reciente.

*Debe anularse el auto expedido.*