# 2000 DTA 112

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II DE BAYAMON**

CARMEN TERESA ORSINI Y OTROS
Apelantes

v.

ARMANDO LUIS DI GIORGI BONELLY Y OTROS
Apelados

Núm. KLAN-99-00953

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidente, Juez Gierbolini
y los jueces Cordero y Hernández Torres

Hernández Torres, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Armando Luis Di Giorgi Bonelly y otros, nos solicitan que revisemos una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en el Caso Civil Número DCD 98-1035 (501), sobre cobro de dinero.

Mediante la misma, el tribunal ordenó a los apelantes satisfacer a los demandantes-apelantes, Carmen Teresa

Orsini y otros, la cantidad de doce mil dólares ($12,000) por concepto de cánones de arrendamiento vencidos y no pagados.

Luego de analizar el expediente ante nuestra consideración, los hechos y el derecho aplicable al mismo, procedemos a modificar, y así modificada confirmar la sentencia apelada.

# I

Los hechos que dan inicio a la presente controversia son los siguientes. El 2 de enero de 1986, don Francisco Ramón Orsini Cintrón y el Sr. Armando Di Giorgi Bonelly *("el apelante")*, formalizaron un contrato de arrendamiento mediante el cual el primero arrendaba al segundo un inmueble que consistía en una edificación de tres pisos situada en el Barrio Río de Guaynabo y éste, a su vez, se comprometía a pagarle la cantidad de setecientos cincuenta dólares ($750.00), pagaderos en plazos mensuales adelantados. Dicho contrato tendría vigencia por un término de tres años, venciendo el 2 de enero de 1989, prorrogable a un término adicional de tres años.

En noviembre de 1990, el Sr. Orsini, arrendador del edificio, falleció, pero el contrato se mantuvo en vigor durante el tiempo establecido, ya que la sucesión del Sr. Orsini asumió las obligaciones del mismo. Anterior al fallecimiento del arrendador, el contrato había sido renegociado por las partes y fue extendido por el término adicional de cuatro años, o sea hasta el 2 de enero de 1996. Llegada esa fecha, el apelante continuó ocupando el local en calidad de arrendatario, lo cual convirtió la relación contractual entre las partes en una exigible de mes a mes.

El 22 de abril de 1996, la Autoridad de Carreteras y Transportación *("Autoridad")* envió un certificado de desplazo a la parte apelante, donde notificó que dicha propiedad sería adquirida por la Autoridad para la construcción de un proyecto.

Alegan los demandantes-apelados que el apelante continuó ocupando el local hasta el 25 de noviembre de 1997, día anterior a la presentación de la Petición sobre Expropiación Forzosa del local radicada por la Autoridad, ya que mantenía almacenado en dicho local equipo de operación de su negocio. Por otro lado, el apelante señala que en febrero de 1997 había mudado su operación a un nuevo local debido a la inminente expropiación forzosa del inmueble. El último pago en concepto de canon de arrendamiento realizado por el apelante correspondió al mes de julio de 1996.

El día 15 de abril de 1998, Carmen Teresa Orsini y otros, herederos del arrendador, radicaron demanda ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, contra la parte apelante reclamando el cobro de los cánones de arrendamiento vencidos y no pagados por los meses comprendidos entre agosto de 1996 y octubre de 1997.

El apelante contestó la demanda señalando que sólo tenían derecho los demandantes-apelados a cobrar por los cánones de arrendamiento hasta el mes de febrero de 1997, fecha en que dejó de operar su negocio. Añadió que los arrendadores le adeudaban la cantidad de $31,620 dólares en concepto de mejoras necesarias y extraordinarias realizadas al inmueble, ya que el contrato original entre las partes estaba vencido y en ausencia de una disposición al respecto procedía la compensación. Reclamó, también, a la parte demandante apelada la porción que alegadamente le correspondía de la justa compensación a la que arguye tener derecho por motivo de la expropiación.

Luego de varios trámites procesales, el 9 de diciembre de 1998 fue celebrada la Conferencia con Antelación al Juicio. En dicha vista, el tribunal concluyó que el único hecho material en controversia a resolver era hasta qué mes se le podía imputar a la parte apelante la obligación de pagar los cánones de arrendamiento. [1] Por esta razón, el Tribunal de Primera Instancia determinó que no existía controversia de hechos que exigiera disponer del caso mediante juicio y que dispondría del mismo por la vía sumaria. Conforme con lo anterior, el Tribunal apelado solicitó a las partes sus respectivos memorandos de derecho.

Una vez presentados los referidos memorandos, quedó sometido el caso ante la consideración del tribunal, el cual dispuso del mismo mediante sentencia dictada el 28 de junio de 1999, en la que ordenó a los apelantes el pago de doce mil ($12,000) dólares en concepto de los cánones de arrendamiento no pagados.

El 3 de agosto de 1999, los demandantes-apelados radicaron ante el Tribunal de Primera Instancia, escrito de reconsideración, en el cual alegaban que procedía la imposición de honorarios de abogado. El 6 de agosto de 1999, dicho Tribunal declaró la referida solicitud No Ha Lugar.

No conforme con la sentencia dictada por el tribunal de instancia, acuden los apelantes ante nos el 9 de septiembre de 1999, señalándonos la comisión de los siguientes errores:

*"1) Erró el Honorable Tribunal de Instancia al determinar que la parte demandada es responsable por los cánones de arrendamiento de los meses de febrero a noviembre de 1997 inclusive, suma ésta que asciende a $7,500.00 de la Sentencia, cuando la agencia expropiante había solicitado el desalojo de la propiedad desde 1996.*

*2) Erró el Honorable Tribunal de Instancia al utilizar el mecanismo de Sentencia Sumaria, cuando había una controversia sobre cuándo la Autoridad de Carreteras y Transportación se incauta del inmueble.*

*3) Erró el Honorable Tribunal de Instancia al determinar que la parte demandante no tiene obligación de compensar al demandado por mejora alguna efectuada en el bien arrendado, pues se había estipulado que esa determinación se haría administrativamente o en el caso de expropiación forzosa."*

## II

Encontrándonos en posición de resolver, procedemos a hacerlo.

En primer lugar, analizaremos el segundo planteamiento de error de los apelantes, quienes alegan que en este caso no procedía dictar sentencia sumaria, toda vez que existe una controversia de hechos.

La sentencia sumaria es un mecanismo procesal extraordinario y discrecional que tiene el propósito de aligerar la tramitación de un caso. *PFZ Properties v. General Accident Insurance Co.,* Op. del 7 de septiembre de 1994, **94 J.T.S. 116**, a la pág. 125. El mismo permite dictar sentencia sin celebrar la vista en los méritos del caso cuando:

*"...las alegaciones, disposiciones [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho procede dictarse sentencia sumaria a favor de la parte promovente".* Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Véase además, *Sotomayor v. American International Ins. Co.,* Op. del 28 de octubre de 1994, **94 J.T.S. 132**, a la pág. 311; *PFZ Properties, Inc. v. General Accident Insurance Co., supra. González v. Alicea,* Op. del 4 de febrero de 1993, **93 J.T.S. 16**, a la pág. 10380; *Mercado Vega v. U.P.R.,* 128 D.P.R. 273, 281 (1991); J.A Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* San Juan, **Publicaciones J.T.S.,** 1985, pág. 182; y R. Hernández Colón, *Derecho Procesal Civil,* San Juan, Michie, 1997, pág. 205.

Aunque dicho mecanismo va dirigido a promover la economía procesal, *"Su objetivo fundamental sigue siendo obtener una solución justa".* *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272, 279 (1990). Por ello, la utilización de dicho mecanismo no puede poner en peligro o menoscabar los intereses y derechos de las partes. *PFZ Properties v. General Accident Insurance Co., supra.*

Corresponde a la parte que solicita la sentencia sumaria, demostrar, fuera de duda razonable, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una

sentencia a su favor como cuestión de ley. *Worldwide Food Distributors v. Colón Bermúdez,* Op. del 30 de junio de 1993, **93 J.T.S. 114,** a la pág. 10966; *J.A.D.M. v. Centro Comercial Plaza Carolina,* 132 D.P.R. 785, 802 (1993); *Rivera Santana v. Superior Packaging.,* 132 D.P.R. 115. 133 (1993); *Cuadrado Lugo v. Santiago Rodríguez, supra.* El mecanismo procesal de sentencia sumaria es un remedio discrecional que únicamente se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho. Así, solamente debe ser dictada en casos claros cuando el tribunal tenga ante sí toda la verdad de los hechos y sólo reste aplicar el derecho. *PFZ Properties v. General Accident Co. supra.*

Por consiguiente, y luego de estudiar el expediente que obra en autos, concluimos que no erró el tribunal apelado al dictar sentencia sumariamente, toda vez que cumplió con los requisitos de las reglas y la jurisprudencia para su utilización. En este caso, no hay controversia de hecho que amerite celebrar una vista en su fondo. Las determinaciones de hecho están ampliamente sostenidas por las constancias de los autos. No hay base para resolver que procesalmente no procedía que se dictara sentencia sumaria. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 719, (1986).

Resuelto el asunto de la sentencia sumaria, atenderemos el primer error señalado por los apelantes. En síntesis, alegan éstos que no son responsables del pago de los cánones de arrendamiento hasta el mes de noviembre de 1997, ya que la agencia expropiante había solicitado el desalojo de la propiedad desde 1996.

El Art. 1433 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4012, dispone que en el arrendamiento de cosas, una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto. *Galiñanes Hermanos Inc. v. Tribunal Superior.,* 77 D.P.R. 881,886 (1955). Las partes en el caso ante nuestra consideración, pactaron el uso de la propiedad descrita anteriormente, por un canon y un período de tiempo establecido, el cual fue extendido en varias ocasiones. Desde el 2 de enero de 1996, se convirtió en un contrato cuya vigencia era de mes a mes, ésto por haber ocurrido tácita reconducción.

El Art. 1456 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4063, dispone que ocurre tácita reconducción, si al terminar el contrato permanece el arrendatario disfrutando quince (15) días de la cosa arrendada con aquiescencia del arrendador. La jurisprudencia ha señalado los siguientes requisitos para la existencia de la tácita reconducción: (1) vínculo contractual entre las partes; (2) expiración previa del arrendamiento primitivo; (3) continuación por el arrendatario del disfrute del inmueble arrendado por quince días; (4) aquiescencia del arrendador para la continuación del disfrute mencionado; y (5) que no exista pacto en contrario expreso o implícito, o que la misma no haya sido prevista en el contrato; *Torres v. Biaggi,* 72 D.P.R. 869, 875 (1951); *Besosa v. Tribunal de Distrito,* 68 D.P.R. 32, (1948); *Rodríguez v. Bosch Hnos.,* 32 D.P.R. 602, 605 (1923); *Parra v. Gerardino,* 58 D.P.R. 489, 496 (1941), Op. Sec. Just. Núm 11 de 1977.

En el caso ante nuestra consideración, se dieron todos los requisitos antes mencionados, por lo que es forzoso concluir que ocurrió la tácita reconducción.

Cuando vencido el arrendamiento, el arrendatario continúa en posesión con el consentimiento del arrendador, el primitivo contrato de arrendamiento se prorroga en los mismos términos en que fue celebrado, excepción hecha del relativo a su vencimiento que queda sustituido por el tiempo que fija la ley. *León Parra v. Gerardino, supra.* Por lo tanto, las cláusulas del contrato original continuaron vigentes, excepto la de su vencimiento, que sería de acuerdo al pago del canon, en este caso de mes a mes.

En cuanto a las obligaciones del arrendatario, el Art. 1445 del Código Civil de Puerto Rico, sec. 4052, dispone que estará obligado a pagar el precio del arrendamiento en los términos convenidos. Por otro lado, el Art. 1444, inciso (3) del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4051 (3), establece que entre las obligaciones del arrendador en el contrato de arrendamiento se encuentra el *"mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo del contrato."*

En el caso de autos, surge claramente que el arrendador cumplió con su parte del contrato, contrario al

arrendatario-apelante quien, incumplió su deber de pagar los cánones de arrendamiento por la duración del mismo. Alegan los apelantes que no hubo tal incumplimiento, ya que la propiedad iba a ser expropiada y que desde el momento de la notificación del evento por parte de la Autoridad, cesó su obligación de pagar los cánones. No les asiste la razón. Veamos.

La Ley de Expropiación Forzosa del 12 de marzo de 1903, según enmendada, 32 L.P.R.A. sec 2905, dispone que el inicio del procedimiento de expropiación forzosa se hará mediante la correspondiente acción de expropiación forzosa instituida en la Sala de San Juan del Tribunal Superior, en la forma dispuesta para el ejercicio de las acciones civiles.

Así mismo, la sec. 2907, *supra*, establece que el título absoluto del dominio de la propiedad expropiada, ocurrirá cuando se radique la declaración de adquisición y entrega y se haga el depósito en el tribunal de la cantidad estimada como compensación, y quedará investido en el Estado Libre Asociado de Puerto Rico.

El Tribunal Supremo ha reiterado, en diversas ocasiones, el efecto jurídico de la expropiación forzosa en los negocios jurídicos preexistentes a dicho procedimiento. Al respecto, en *E.L.A. v. Soc. Protectora de Niños*, 100 D. P.R. 844,849 (1972), se destaca sobre el recurso de expropiación forzosa que es un procedimiento *in rem*, queriendo decir con ello, que no va dirigido contra ningún demandado en particular, sino contra la propiedad propiamente dicha.

En *Pueblo v. McCormick. Alcaide & Co.,* 78 D.P.R. 939, 967 (1956), el Tribunal Supremo resolvió que cuando mediante expropiación se destruye el propósito para el cual se otorga un arrendamiento, el contrato se da por terminado y el arrendatario no responde al arrendador por los cánones. Debemos analizar entonces cuándo fue que la expropiación destruyó el propósito del arrendamiento, para concluir hasta qué mes el arrendatario es responsable del pago de los cánones.

Según la determinación de hecho número trece (13) de la Sentencia dictada por el Tribunal de Primera Instancia, el inmueble arrendado fue expropiado por la Autoridad mediante petición radicada por dicha agencia el 26 de noviembre de 1997, ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Debemos tomar esa fecha como el momento en que el Estado Libre Asociado adquirió el título absoluto del inmueble arrendado. Por consiguiente, es a partir de esa fecha que quedó extinguido el contrato de arrendamiento existente entre las partes como efecto de la expropiación forzosa.

Luego de estudiado el expediente, no tenemos duda de que el apelante permaneció en la posesión ininterrumpida del inmueble arrendado hasta noviembre de 1997. No importa qué uso le dio a dicho local en ese entonces, ya fuera como almacén de equipo y materiales de su negocio o en la operación del mismo, lo importante es que se encontraba en el disfrute de la propiedad arrendada sin pagar los cánones correspondientes al arrendamiento.

En cuanto al tercer y último error señalado por los apelantes alegando que el Tribunal de Instancia erró al determinar que no tiene obligación de compensar al demandado por mejora alguna efectuada en el bien arrendado pues se había estipulado que esa determinación se haría administrativamente, o en el caso de expropiación forzosa, les asiste la razón.

Las partes estipularon durante la vista con antelación al juicio, que no se resolvería ese asunto en el presente caso, sino dentro del caso de expropiación forzosa. Dicha estipulación no puede ser enmendada por una sola de las partes. Además, el Tribunal de Instancia no tuvo nunca ésto ante su consideración, por lo que no procedía el que ese Tribunal dilucidara esa controversia sin antes enmendar, oportunamente, la orden sobre la conferencia con antelación al juicio, cosa que nunca hizo.

La Regla 37.1 de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 37, sobre la Conferencia con Antelación al Juicio, establece que:

*"El Tribunal dictará una orden en que expondrá lo acordado en la conferencia, las enmiendas que se hubiesen permitido a las alegaciones y las estipulaciones de las partes en relación con cualesquiera de los asuntos considerados y que limiten las cuestiones litigiosas a ser consideradas en el juicio, a aquellas no resueltas mediante admisiones o estipulaciones de los abogados, y dicha orden una vez dictada, gobernará el curso subsiguiente del pleito, a menos que sea modificada en el juicio para impedir manifiesta injusticia."*

El Tribunal Supremo de Puerto Rico ha declarado que la Regla 37 de Procedimiento Civil tiene como propósito simplificar, reducir y hasta evitar el juicio, si es posible, mediante la eliminación de cuestiones litigiosas, la promoción de estipulaciones entre las partes, así como de admisiones y la utilización de otros recursos disponibles a las partes y al tribunal. *San Juan Credit v. Ramírez Carrasquillo,* 113 D.P.R. 181, 188 (1982). Luego de lo estipulado por las partes y vista la orden sobre conferencia con antelación al juicio, Instancia no debió haber dilucidado dicha controversia.

Por los fundamentos antes expuestos, modificamos la sentencia apelada de manera que la controversia sobre las mejoras se mantenga viva y sea adjudicada administrativamente o por el Tribunal de Expropiación. Así modificada, la confirmamos.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General